UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REPUBLIC OF TEXAS BIKER RALLY, INC., | § | |
|     PLAINTIFF, | § | |
| VS. | § | |
| | § | CASE NO. A-10-697-SS |
| BIKINIS BAR & GRILL, LLC, | § | |
| BIKINIS BAR & GRILL - AUSTIN, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL – 6TH STREET, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL FRANCHISING, LLC, | § | |
| BIKINIS PROMOTIONS, LLC, AND | § | |
| BIKINIS REAL ESTATE, LLC, | § | |
|     DEFENDANTS. | § | |

**PLAINTIFF REPUBLIC OF TEXAS BIKER RALLY, INC.'S**
**FIRST AMENDED COMPLAINT**

Plaintiff Republic of Texas Biker Rally, Inc. alleges as follows:

**PARTIES**

1.       Plaintiff **Republic of Texas Biker Rally, Inc.** ("Republic") is a Texas corporation with its principal place of business in Austin, Texas.  Plaintiff is the owner and operator of a well-known and extremely popular motorcycle festival named the REPUBLIC OF TEXAS BIKER RALLY®, which is held annually in Austin, Texas.

2.       Defendant **Doug Guller** ("Guller") is a Texas resident and may be served with process at either at 3506 Mount Bonnell Road, Austin, Texas 78731, 505 W. 7th Street, #204, Austin, Texas 78701 or 1201 Tinnin Ford Road, Apt. 40, Austin, Texas 78741 or at his usual place of business located at 6901 IH-35, Austin, Texas 78752.

1

3.      Defendant *Bikinis Sports Bar & Grill - Austin, LLC* f/k/a *Bikinis Bar & Grill - Austin, LLC* ("Bikinis-Austin") is a Texas limited liability company with its registered address and principal place of business at 6901 IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at 505 W. 7th Street, #204, Austin, Texas 78701.  On or around December 1, 2010 and during the pendency of this action, Bikinis-Austin adopted the new corporate name "Bikinis Sports Bar & Grill - Austin, LLC".  Bikinis-Austin has been served and has already appeared in this action.

4.      Defendant *Bikinis Sports Bar & Grill – 6th Street, LLC* ("Bikinis- 6th Street") is a Texas limited liability company with its principal place of business at 214 E. 6th Street, Austin, Texas 78701 and its registered address at 6901 IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at that address.  Bikinis-6th Street also operates and does business under the name *Beale Street Tavern*.  Bikinis-6th Street has been served and has already appeared in this action.

5.      Defendant *Bikinis Sports Bar & Grill – Arlington, LLC* ("Bikinis–Arlington") is a Texas limited liability company with its registered address at 6901 N. IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at that address.

6.      Defendant *Bikinis Sports Bar & Grill – Live Oak, LLC* ("Bikinis – Live Oak") is a Texas limited liability company with its registered address at 6901 N. IH-35,

Austin, Texas 78752 and which may be served through its registered agent Doug Guller at that address.

7.     Defendant *Bikinis Sports Bar & Grill – San Antonio, LLC* ("Bikinis–San Antonio") is a Texas limited liability company with its registered address at 6901 N. IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at that address.

8.     Defendant *Bikinis Sports Bar & Grill – San Marcos, LLC* ("Bikinis–San Marcos") is a Texas limited liability company with its principal place of business at 1437 N. IH-35, San Marcos, Texas 78666 and its registered address at 505 W. 7th Street, #204, Austin, Texas 78701 and which may be served through its registered agent Doug Guller at that address.

9.     Defendant *The Parish-6th Street, LLC*  ("The Parish") is a Texas limited liability company with its principal place of business at 214 East 6th Street, Suite C, Austin, Texas 78701 and its registered address at 6901 N. IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at that address.

10.     Defendant *BSBG, LLC* f/k/a *Bikinis Bar & Grill, LLC* ("BSBG") is a Texas limited liability company with its registered address and principal place of business at 6901 N. IH-35, Austin, Texas 78752 and which may be served through its registered agent Doug Guller at 505 W. 7th Street, #204, Austin, Texas 78701.  BSBG is also currently

identified as the corporate manager of Bikinis-Austin, Bikinis-6[th] Street, Bikinis-

Arlington, Bikinis-Live Oak, Bikinis-San Antonio, Bikinis-San Marcos and The Parish in

corporate documents filed with the Texas Secretary of State and, on information and

belief, is the sole member and 100% owner of each of those entities.  On information and

belief, subsequent to the filing of this action BSBG changed its corporate name to

"BSBG, LLC".  BSBG has been served and has already appeared in this action.  On

information and belief, BSBG and Bikinis-Austin operate out of and have operated out

of the same physical location since their formation, each has paid expenses and used

assets of the other and have common management.

     11.     Defendant ***Bikinis Sports Bar & Grill Franchising, LLC*** ("BSBG-

Franchising") is a Texas limited liability company with its registered address at 1201

Tinnin Ford Road, Suite 40, Austin, Texas 78741 and which may be served through its

registered agent Doug Guller at that address.  BSBG-Franchising has been served and

has already appeared in this action.

     12.     Defendant ***Bikinis Promotions, LLC*** ("Bikinis Promotions") is a Texas

limited liability company located at 3506 Mount Bonnell Road, Austin, Texas 78731 with

its registered address at 505 W. 7th Street, #204, Austin, Texas 78701 and which may be

served through its registered agent and manager Doug Guller at 505 W. 7th Street, #204,

Austin, Texas 78701.  Bikinis Promotions has been served and has already appeared in

this action.

13.    Defendant **Bikinis Real Estate, LLC** ("Bikinis Real Estate") is a Texas limited liability company with its registered address at 505 W. 7th Street, #204, Austin, Texas 78701 and which may be served through its registered agent Doug Guller at 505 W. 7th Street, #204, Austin, Texas 78701.  Bikinis Real Estate has been served and has already appeared in this action.

14.    Defendant **Bikinis Sports Bar & Grill – Charlotte, LLC** ("Bikinis – Charlotte") is a North Carolina limited liability company with its registered address at 520 University Center Boulevard, Charlotte, North Carolina 28262 and which may be served through its registered agent Doug Guller either at that address or at Mr. Guller's other Texas addresses cited herein.  On information and belief, Mr. Guller is the sole manager of Bikinis-Charlotte and all of Bikinis-Charlotte's outstanding membership units are owned collectively by either Mr. Guller or BSBG.  On information and belief, Bikinis–Charlotte regularly does business in Texas with Mr. Guller and with a number of the other defendants identified herein (including, for example, collaboratively advertising and merchandising of goods, services, merchandise and restaurants through the website www.bikinissportsbarandgrill.com).

15.    Defendant **Kevin Pearson** ("Pearson") is a Texas resident and may be served with process at 1201 Tinnin Ford Road, Suite 40, Austin, Texas 78741.

16.     Defendant *David Voorhees* ("Voorhees") is a Texas resident and may be served with process at 6901 N. IH-35, Austin, Texas 78752.

17.     Defendant *Paul Manfire* ("Manfire") is a Texas resident and may be served with process at 214 East 6th Street, Austin, Texas 78701.

18.     Defendant *Dizzy Tee Designs, Inc.* ("Dizzy Tees") is a Texas corporation with its principal place of business at 12209 Twin Creek Road, Suite D, Manchaca, Texas 78652-3784 and its registered address at 12712 Taylor Drive, Buda, Texas 78610 and which may be served through its registered agent Robert W. Borrel at that address.

19.     Defendant Tom Marek d/b/a *Minuteman Press of Austin* ("Minuteman Press") is a Texas resident who may be served at 2102 Macon, Cedar Park, Texas 78613 or at his principal place of business at 2712 A Guadalupe, Austin, Texas 78705.

20.     Defendant *Brenda Manning Alvarez* d/b/a *Soul to Soul Promotions* and/or  *Soul to Soul Entertainment* ("Soul-to-Soul") is a Texas resident and may be served with process at 2304 Mission Hill Drive, # 104, Austin, Texas 78741.

21.     On information and belief, Defendant Guller is the founder, manager, majority owner and principal managing agent of Defendants BSBG, BSBG-Franchising, Bikinis Promotions, and Bikinis Real Estate.[1]  On information and belief, Guller is the sole member of each of the corporate entities identified in the preceding sentence and

---

[1] Defendants BSBG, BSBG-Franchising, Bikinis Promotions, and Bikinis Real Estate are collectively referred to herein as the "*BSBG Entities*."

6

owns all of their outstanding equity and/or membership units.  Additionally, through his ownership and control of BSBG, Guller also indirectly owns and controls Bikinis – Austin, Bikinis – 6th Street, Bikinis – Arlington, Bikinis – Live Oak, Bikinis – San Antonio, Bikinis-San Marcos and The Parish.  On information and belief, BSBG is the sole member of each of the entities identified in the preceding sentence and owns all of their outstanding equity and/or membership units.  On information and belief, Guller also owns either directly or through BSBG all of the outstanding membership units in Bikinis-Charlotte.[2]  On information and belief, Guller is the only non-corporate person who has been a member or corporate manager of any of the Bikinis Entities; either BSBG or Guller is the sole member and either sole manager or sole managing member of each of the Bikinis Entities and The Parish.  A chart of the interlinked relationships between Guller and a number of the Bikinis Entities is attached as Exhibit 1.

22.     On information and belief, Guller has failed to properly maintain the separateness of and/or has disregarded corporate formalities of the Bikinis Entities and The Parish (collectively, the "Corporate Entities").  The companies making up the Corporate Entities have also been operated the collectively and in a common fashion. Each of the Corporate Entities: (a) have common ownership, (b) have common

---

[2] Defendants Bikinis-Austin, Bikinis-6th Street, Bikinis-Arlington, Bikinis-Live Oak, Bikinis-San Antonio, Bikinis-San Marcos and Bikinis-Charlotte are collectively referred to herein as the **Bikinis Restaurant Entities**.  The Bikinis Restaurant Entities and the BSBG Entities are collectively referred to herein as the **Bikinis Entities**.

corporate managers and officers, and (c) have common or overlapping employees and personnel.  The companies constituting the Corporate Entities have disregarded corporate formalities and the separateness of one another by using each other's property, resources, employees and personnel as its own, paying one another's separate expenses, and allocating financial activities between one another other than as they actually occurred.  For example, on information and belief, various revenues or expenses of Bikinis – 6th (and its Beale Street Tavern) have been and are currently run through the books and records of The Parish (and vice versa).  Additionally, the internet website www.bikinissportsbarandrestaurant.com [3](a) promotes each of the separate Bikinis Restaurant Entities' *Bikinis Sports Bar & Grill* locations, (b) collectively describes the Bikinis Entities and the *Bikinis Sports Bar & Grill* locations on a linked "About Us" page entitled "How **We** Got Started," (c) promotes franchises purportedly available through BSBG – Franchising, (d) serves as an e-commerce site for the promotion and merchandising of goods manufactured and sold by one of the Bikinis Entities (which are then fulfilled by "Bikinis Sports Bar and Grill" from the Tinnin Road, Apt. 40, Austin, TX 78741 address identified in public corporate filings with the state of Texas as

---

[3] The www.bikinissportsbarandgrill.com website is registered to and contains a copyright designation in the name of "Bikinis Sports Bar and Grill" (no corporate designation is given).   The website's Go Daddy.com registration also lists an address of 1201 Tinnin Road, Suite 40, Austin, TX 78741 and designates Doug Guller as the administrative contact.

the headquarters and registered address of BSBG – Franchising), and also (e) displays

BSBG's federally-registered trademark and logo (U.S. Reg. Nos. 3,849,891 and 3,849,890)

and also displays the *Pittsburgh Steelers'* and the *Chicago Cubs'* easily recognizable

copyrighted and federally-registered and protected logos, *i.e.*,

.[4] Further, under Guller's explicit authorization and

approval, the Bikinis Restaurant Entities operate under the common trade name "*Bikinis*

*Sports Bar & Grill.*"  On information and belief, several of the Bikinis Entities have co-

signed, guaranteed and/or pledged assets on loans made toward a separate one of the

Bikinis Entities.  Additionally, the Bikinis Entities have been characterized in a

collective fashion in company-issued press releases on franchising and Guller has

represented the Bikinis Entities finances in a collective fashion to the media, stating that

  

4 The graphics above show true and correct copies of the www.bikinisbarandgrill.com website on February 20, 2011, and U.S. trademark registration certificates for the federally-registered logos for the *Pittsburgh Steelers* and the *Chicago Cubs*.  Notably, this website includes a ™ insignia within the *Cubs* logo.

he estimated that the *Bikinis* "chain's" 2010 revenues would be roughly $15 million

dollars.  Accordingly, each of the Bikinis Entities and the Parish are alter egos of one

another and may be held jointly and severally responsible for each other's wrongful

actions, as alleged herein.

23.    On information and belief, each of the Bikinis Entities and The Parish are

also alter egos of Defendant Guller and Guller has failed to maintain such separateness

between himself and each of the entities and has so controlled each of the entities as to

not warrant the protection of their purportedly separate corporate existence.  For

example, a residential condominium unit owned by Guller and located at 1201 Tinnin

Road, Apt. 40, Austin, TX 78741 (the "Tinnan Road condo") is the designated

headquarters and registered address of BSBG – Franchising and as serves as a business

identified as "Bikinis Sports Bar and Grill's" shipping and fulfillment center (and,

presumably, inventory repository) for merchandise orders placed on the e-commerce

site www.bikinissportsbarandgrill.com/shop and other e-commerce sites established or

operated by the Bikinis Entities.  On information and belief, one or more of the Bikinis

Entities have made payments either directly or through Mr. Guller toward the

mortgage, property taxes, monthly maintenance fees and/or other expenses and bills in

Mr. Guller's name on his Tinnan Road condo.  Similarly, Bikinis Promotions identifies

its headquarters in corporate filings to be 3506 Mount Bonnell Road, at which address is

located a 5,300 square foot Lake Austin mansion (with an expansive view of the lake and an immense wine cellar as shown in the following real estate listing photos) that Mr. Guller has been and is residing in and that is being rented from Mr. Joe Moran (hereafter, the "Lake Austin mansion").

 

Bikinis Real Estate's official records filed with the Texas Secretary of State's office list Guller as its sole member and also lists Guller's address as "3506 Mt. Bonnell Road, Austin, TX 78731."  On information and belief, at Guller's direction, one or more of the Bikinis Entities have made and continue to make payments (or advance other consideration) towards the rent on the Lake Austin mansion and towards other bills and expenses associated with the Lake Austin mansion.  Also, another residential condominium unit owned by Guller and located at 505 W. 7th Street, Apt. 204, Austin, TX 78701 (the "West Sixth condo") is the designated headquarters and registered address of Bikinis Real Estate according to official records filed with the Texas Secretary of State's office.  On information and belief, one or more of the Bikinis Entities have

made payments either directly or through Mr. Guller toward the mortgage, property taxes, monthly maintenance fees and/or other expenses and bills in Mr. Guller's name on his West Sixth condo.  On information and belief, Guller has also used one or more of the Bikinis Entities to pay other personal expenses and has used a large recreational vehicle owned or leased by one of the Bikinis Entities for personal purposes. Additionally, Guller has held himself out as and represented to the media that he is the owner of the *Bikinis Sports Bar & Grill* chain, the *Beale Street Tavern*, and The Parish. Accordingly, each of the Bikinis Entities and the Parish are alter egos of Guller and Guller may be held jointly, severally and personally responsible for the wrongful actions, as alleged herein, of each of the Bikinis Entities and their personnel and agents.

24.     Additionally, on information and belief, Guller has directed and instructed each of the Bikinis Entities to engage in the wrongful and illegal activities and predicate acts described herein (including multiple instances of trademark counterfeiting).  Guller has used the Bikinis–Austin, Bikinis–6th Street, BSBG and BSBG-Franchising corporate entities (as well as the other Bikinis Entities) as a cloak for illegal conduct and to deceive, perpetuate a fraud on and work injustice upon Republic, the consuming public, and other intellectual property right-holders.   Accordingly, as their alter ego, Guller may be held personally liable for actions engaged in by the Bikinis Entities as described herein.  Alternatively, on information and belief, Guller and each

of the Bikinis Entities conspired in and aided and abetted each other with the conduct described herein.

25.     On information and belief, Guller, Pearson, Voorhees and Manfire (the "Individual Defendants") each act or serve as agents, representatives, employees, officers and/or corporate managers of one or more of the Bikinis Entities.  Specifically, with respect to the actions of the Individual Defendants described herein, the individuals were acting on behalf of and within the scope of their authority for the company defendants identified in the following table and the company defendants may be held vicariously liable for the Individual Defendants' actions and conduct:

| Individual Defendant | Company Defendant |
|---|---|
| Guller | Each of the Corporate Defendants |
| Pearson | BSBG, BSBG-Franchise, Bikinis-6th Street, Bikinis-Austin |
| Voorhees | Bikinis-Austin, BSBG |
| Manfire | Bikinis-6th Street, BSBG |

26.     On information and belief, with respect to the activities described herein, Soul-to-Soul, Minuteman Press and Dizzy Tees acted at the direction or instruction of Guller, Pearson, Manfire, Voorhees, Bikinis-Austin, Bikinis-6th Street, BSBG, Bikinis-Promotions and/or BSBG-Franchising.

## JURISDICTION AND VENUE

27.     This action arises under the Lanham Act (15 U.S.C. § 1125(a), *et seq.*), the federal Declaratory Judgment Act (28 U.S.C. § 2201, *et seq.*), the Racketeer Influenced & Corrupt Organizations Act (18 U.S.C. § 1962, *et seq.*), and the laws of the State of Texas.

28.     Defendants previously removed this action to this Court from the district courts of Travis County, Texas.  Accordingly, this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1441 (removal jurisdiction), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 18 U.S.C. § 1964 (actions arising under the Racketeer Influenced & Corrupt Organizations Act), and 28 U.S.C. §§ 1331, and 1367(a) (federal question jurisdiction and supplemental jurisdiction over related state law claims).

29.     The following defendants have already appeared in this action: BSBG, BSBG-Franchising, Bikinis Promotions, Bikinis Real Estate, Bikinis – Austin and Bikinis – 6th Street.  Bikinis–Charlotte has transacted business within this judicial district and has had sufficient minimum contacts with the State of Texas and this judicial district so that it is amenable to service of process under the Texas long-arm statute (TEX. CIV. P.& REM. CODE §§ 17.041-.045) and FED. R. CIV. P. Rule 4(e) and so that requiring Bikini – Charlotte to respond to this action would not violate due process.  Each of the remaining defendants resides in, has its principal place of business in, or has its registered office in this judicial district and is thus subject to this Court's jurisdiction.

14

30.     Republic resides in and, as described herein, a substantial part of the events giving rise to these claims occurred within the jurisdiction of this Federal Court. Accordingly, venue is proper under 28 U.S.C. § 1391(b) and (c).

## NATURE OF THE CLAIMS

31.     This is an action for federal trademark infringement under 15 U.S.C. §§ 1114 - 1118, false designation of origin, unfair competition and dilution of famous marks under 15 U.S.C. §§ 1125(a) and 1125(c), common law trademark infringement and unfair competition under the laws of the State of Texas and TEX. BUS. & COM. CODE ANN. § 16.26, injury to business reputation and dilution of the distinctive quality of marks under TEX. BUS. & COM. CODE ANN. § 16.29, counterfeiting under 15 U.S.C. § 1114, civil conspiracy, and RICO violations under 18 U.S.C. § 1964 based upon predicate acts of trademark counterfeiting under the Trademark Counterfeiting Act (18 U.S.C. § 2320, *et seq.*) and Anti-Counterfeiting Consumer Protection act of 1996 and deceptive business practices.  All causes of action are based on the same operative facts.

32.     Republic seeks injunctive, monetary, declaratory and equitable relief for, *inter alia*, acts of trademark counterfeiting, infringement and dilution, contributory trademark infringement and inducing trademark infringement, injury to business reputation, false designation of origin and unfair competition based upon the defendants' design, manufacture and sale of goods bearing and production and

promotion of events under counterfeits of Republic's federally-registered trademarks, and unauthorized marking, advertising, promotion, publicizing, sale and offer of sale of defendants' products, events, activities and services bearing or under the Republic's common law and federally-registered trademarks, and various defendants' aiding and abetting and conspiring with one another regarding the same.

### REPUBLIC'S ANNUAL *REPUBLIC OF TEXAS BIKER RALLY*® FESTIVAL AND RELATED BUSINESSES AND TRADEMARKS

33.     Plaintiff is the owner and operator of a well-known and extremely popular multi-day motorcycle gathering and festival named the *REPUBLIC OF TEXAS BIKER RALLY*® (the "Festival") which has been held annually in Austin, Texas since 1996. Republic's Festival also has adopted and promotes itself under the names and marks *ROT RALLY*®, *R.O.T. BIKER RALLY*®, *ROT BIKER RALLY*® and *R.O.T. BIKER RALLY*®. Republic's Festival also regularly honors and supports members of the United States military and military veterans.

34.     From its humble beginnings in 1996, Republic's Festival has grown into the largest motorcycle gathering and festival in Texas and one of the largest and most respected motorcycle rallies in the United States.  Republic's Festival and its associated events and activities is now one of the central Texas region's top four annual economic revenue-generating activities, producing (according to published reports) an estimated $35,000,000 annual economic impact to the Austin economy.  As a result, Republic's

business has grown over the years from planning, organizing, hosting and producing a Festival attended by a few thousand persons into planning, organizing, hosting, producing and managing a Festival attended by upwards of 40,000 persons a year and its business has expanded into related areas including on- and off-site event planning and production, food and beverage services, entertainment, concert promotion, advertising, sponsorships, vendor relations, logistics, public relations, traditional and on-line publications, audio-visual productions, multimedia productions, websites, social networking and merchandising (via retail and e-commerce outlets).

35.   Republic owns and uses several logos, trademarks and service marks (e.g., Fig. 1) in connection with its Festival and its related businesses and merchandising operations.  Republic's marks include the following **federally-registered standard character word marks** (collectively, "REPUBLIC'S REGISTERED MARKS"), each of which have been in use by Republic for well over a decade in association with Republic's Festival and with its related merchandising and promotions:

| Mark | U.S. Reg. No. | Registration Date | First Use |
|------|---------------|-------------------|-----------|
| REPUBLIC OF TEXAS BIKER RALLY® | 3,688,518 | August 18, 2009 | 1996 |
| R.O.T. BIKER RALLY® | 3,713,983 | November 24, 2009 | 1998 |
| ROT BIKER RALLY® | 3,671,828 | August 25, 2009 | 1999 |
| R.O.T. RALLY® | 3,704,194 | November 3, 2009 | 1996 |
| ROT RALLY® | 3,678,565 | September 8, 2009 | 1998 |



**Fig. 1**.  Promotional Trailer.

True and correct copies of U.S. certificates of registration for each of REPUBLIC'S

REGISTERED MARKS are attached as Exhibits 2 – 6.  Republic has used each of REPUBLIC'S

REGISTERED MARKS extensively in connection with and in the promotion of its Festival

and on Festival-related merchandise since the 1990's and each of REPUBLIC'S REGISTERED

MARKS served and was used as a common law mark by Republic prior to its federal

registration date.  Each of REPUBLIC'S REGISTERED MARKS is inherently distinctive.  Each

of REPUBLIC'S REGISTERED MARKS have also become associated in the mind of consumers

and the public with Republic and its Festival and Republic's goods, products, services

and events.

   36.   The United States Patent & Trademark Office determined that the *ROT*

*RALLY*® "mark appears to be inherently distinct" and awarded Republic a federal

trademark registration on its *ROT RALLY*® mark in the following categories of goods and services:

- Clothing and clothing accessories, namely, t-shirts, knit shirts, tank tops, halter tops, shorts, skirts, hats, caps, beanies, do rags, bandanas, sweatshirts, jackets and vests.

- Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line medium.

- Publishing, publication and editing of electronic multimedia publications and productions featuring motorcycle rallies and conferences, events, festivals and seminars related to motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

37.     The United States Patent & Trademark Office determined that the term "'R.O.T.' in the [*R.O.T. RALLY*®] mark appears to be inherently distinct" and awarded Republic a federal trademark registration on its *R.O.T. RALLY*® mark in the following categories of goods and services:

- Clothing accessories, namely, cloth patches for clothing, ornamental novelty pins and pin hangers, and belt buckles.

- Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line medium and promoting motorcycle rallies and conferences, events, festivals and seminars related to motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

- Publishing, publication and editing of electronic and multimedia publications in the field of motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, motorcycle lifestyles and motorcycle rallies, conferences, events, festivals and seminars.

38.     The United States Patent & Trademark Office determined that the *ROT BIKER RALLY RALLY*® "mark appears to be inherently distinct" and awarded Republic a federal trademark registration on its *ROT BIKER RALLY*® mark in the following categories of goods and services:

- Clothing and clothing accessories, namely, t-shirts, knit shirts, tank tops, halter tops, shorts, skirts, hats, caps, beanies, do rags, bandanas, sweatshirts, jackets and vests.

- Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line medium and promoting motorcycle rallies and conferences, events, festivals and seminars related to motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

- Publishing, publication and editing of electronic and multimedia publications in the field of motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, motorcycle lifestyles and motorcycle rallies, conferences, events, festivals and seminars.

39.     The United States Patent & Trademark Office determined that the *R.O.T. Biker Rally*® "mark appears to be inherently distinct" and awarded Republic a federal trademark registration on its *R.O.T. Biker Rally*® mark in the following categories of goods and services:

- Clothing accessories, namely, cloth patches for clothing, ornamental novelty pins and pin hangers, and belt buckles

- Entertainment and educational services, namely, organizing, arranging and conducting motorcycle rallies and conferences, events, festivals and seminars in the fields of motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

40.     The United States Patent & Trademark Office determined that the *Republic of Texas Biker Rally*® "mark appears to be inherently distinctive" and awarded Republic a federal trademark registration on its *Republic of Texas Biker Rally*® mark in the following categories of goods and services:

- Clothing and clothing accessories, namely, t-shirts, knit shirts, tank tops, halter tops, shorts, skirts, hats, caps, beanies, do rags, bandanas, sweatshirts, jackets and vests.

- Advertising and publicity services, namely, promoting the goods, services, brand identity and commercial information and news of third parties through print, audio, video, digital and on-line medium; promoting motorcycle rallies and conferences, events, festivals and seminars in the

fields of motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

- Entertainment and educational services, namely, organizing, arranging, and conducting motorcycle rallies and conferences, events, festivals and seminars in the fields of motorcycles, motorcycle riding, motorcycle construction, maintenance and repair, and motorcycle lifestyles.

41.     Republic also owns and uses several unregistered common law marks and logos in connection with its Festival and related business and merchandising operations.  Republic's marks pertinent to this action include the following unregistered marks (collectively, "REPUBLIC'S COMMON LAW MARKS") shown on the following page:

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

| Logo Name | Graphic or Word Mark for REPUBLIC'S COMMON LAW MARKS |
|---|---|
| ROT Cow Skull Logo w/"ROT Biker Rally" (examples 1 and 2) |  |
| ROT Cow Skull Logo w/"ROT Biker Rally" (examples 3 and 4) |  |
| Winged Skull Motor Logo (example 1)  w/ "ROT" (example 1) |  |
| "ROT" (examples 2 and 3)  "ROT Biker Rally" (example 5) |  |
| "R.O.T." (examples 1 – 4) |  |

Republic has used the marks "ROT" and "R.O.T." (both with and without the terms "Biker Rally") extensively in connection with and in the promotion of its Festival and on Festival-related merchandise since the 1990's.  Republic has used the ROT Cow Skull logo extensively in connection with and in the promotion of its Festival and on Festival-related merchandise since as early as spring 2007.  Republic adopted the Winged Skull Motor Logo in 2009 and used it extensively in advance of and in connection with the promotion of the 2010 Festival, including as the main banner graphic on Republic's www.rotrally.com website to promote the 2010 REPUBLIC OF TEXAS BIKER RALLY® festival. Each of these logos, graphic symbols and marks are inherently distinctive and each one of the marks has become affiliated in the mind of consumers and the public with Republic and its Festival and Republic's goods, products, services and events.

42.     Republic and its personnel, staff and volunteers have put in a tremendous amount of time, effort and money over the years to ensure the annual success of the Festival and related events and to ensure that attendees, participants, sponsors, affiliates, trade industry press, the motorcycling community and the Austin community as a whole are thoroughly satisfied and pleased with their Festival related experience.

43.     Republic and its personnel and staff have similarly put in tremendous amounts of time, effort and money over the years branding the Festival and Republic's related business and merchandise around REPUBLIC'S REGISTERED MARKS and REPUBLIC'S

COMMON LAW MARKS and establishing those brands as a source of exemplary festival activities, events and entertainment and as indicia of a source of high quality, well-designed goods reflective consumers (including motorcycle enthusiasts) of the biker lifestyle.  Over the history of the Festival, Republic has spent hundreds of thousands of dollars or more and untold effort establishing, promoting, advertising, marketing and merchandising its brands under REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.  Accordingly, each of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS (along with the valuable goodwill that each of the marks represent) is an important and immensely valuable intellectual property asset of Republic.

44.     To protect its brands and ensure the quality of goods and merchandise sold under REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS, Republic personnel diligently select unique artistic designs and styles for each year's apparel and merchandise, work with manufacturers and suppliers of high quality merchandise and textiles, and work with vendors who employ high-quality (and longer-lasting) screen-printing and embossing techniques.  Further, Republic maintains all merchandising in-house—Republic merchandise is sold only through official Republic-owned outlets (such as via in-person sales at the Festival, via temporary Republic-run outlets around Austin during the Festival, and year round via  Republic's

www.rotrally.com e-commerce site)—and does not permit third parties to manufacture or sell goods or merchandise under or bearing REPUBLIC'S REGISTERED MARKS, REPUBLIC'S COMMON LAW MARKS or Republic's trade name or other logos.

45.     Based on the tremendous work and effort of Republic (as well as the Herculean effort of its personnel, staff and volunteers over the years), Republic's Festival has engendered an immense amount of popular goodwill with the consuming public and has become one of the premier motorcycle gatherings and festivals in the United States.

46.     In recent years (as reported in numerous publications), approximately 45,000 motorcyclists and 200,000 spectators have annually come to Austin and central Texas to attend and participate in Republic's Festival and Festival-related events and activities conducted by Republic and its affiliated sponsors and partners and to purchase Republic's merchandise and apparel branded with REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.  Festival activities now include several days of events such as motorcycle competitions and exhibitions, hundreds of vendor displays and booths, on-site entertainment and dining, major concerts (by headlining acts over the years such as *Willie Nelson, Waylon Jennings, Hank Williams, Jr., Joan Jett, Brett Michaels, Jerry Jeff Walker, Blue Oyster Cult, Blood, Sweat & Tears, Jerry Lee Lewis* and the *Charlie Daniels Band*), rides through the Texas Hill Country led by celebrities,

fireworks displays and a grand motorcycle parade down historic Congress Avenue that has been led by the likes of Dee Schneider of the band *Twisted Sister* and Texas Governor Rick Perry and that culminates in 54-block street party and impromptu motorcycle exhibition flowing across historic 6th Street and Congress Avenue in downtown Austin that is considered to be the largest biker party in the downtown area of any metropolitan city.

 

Congress Avenue Parade (2006)                    Downtown Party (2006)

47.     Republic's Festival regularly receives the "Best in Texas" Reader's Choice Award from *Ride Texas Magazine*, *The Guinness Book of World Records* has previously certified the Festival's Parade as the "Longest Parade of Motorcycles," the Festival is the largest of its kind in Texas and best attended in the entire Southwest, the Festival receives significant local and nationwide publicity and scores of articles are written about it every year, and Republic's www.rotrally.com website receives hundreds of thousands of unique visitors annually.

48.     Based on the immense goodwill that the Festival has engendered, the Festival and Republic's related offerings have also grown to include an online and multi-media presence, including web cams, live and delayed web feeds of events, broadcasts from the Festival and from off-site events, internet blogs and chat, and a social networking site allowing an active and ever-growing online community of Festival supporters and motorcycle enthusiasts to keep up with Festival-related events and activities throughout the year via Republic's www.rotrally.com website.

49.     As a result of the success of the Festival and the extensive publicity, advertising and promotion and familiarity that has been engendered in the minds of consumers over the years, each of Republic's Registered Marks and Republic's Common Law Marks is widely recognized by the general consuming public as the designation of Republic as the source of goods and services bearing or associated with the marks and each of the marks are "famous" within the meaning of 15 U.S.C. § 1125(c).

50.     Republic's *ROT RALLY*® mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under for more than ten (10) years in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet.

The mark is well-recognized in the channels of trade used for the promotion and sale of the *ROT RALLY*® mark's associated goods and services by Republic (including industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the *ROT RALLY*® mark has established a strong connection in the minds of the consumers between goods, services and events branded under the *ROT RALLY*® mark and Republic as the source of such goods, service or events.

51.     Republic's *R.O.T. RALLY*® mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under for more than ten (10) years in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet. The mark is well-recognized in the channels of trade used for the promotion and sale of the *R.O.T. RALLY*® mark's associated goods and services by Republic (including industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the *R.O.T. RALLY*® mark has established a strong connection in the minds of the consumers between goods, services and events branded under the *R.O.T. RALLY*® mark and Republic as the source of such goods, service or events.

52.     Republic's *ROT BIKER RALLY*® mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under for more than ten (10) years in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet. The mark is well-recognized in the channels of trade used for the promotion and sale of the *ROT BIKER RALLY*® mark's associated goods and services by Republic (including industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the *ROT BIKER RALLY*® mark has established a strong connection in the minds of the consumers between goods, services and events branded under the *ROT BIKER RALLY*® mark and Republic as the source of such goods, service or events.

53.     Republic's *R.O.T. BIKER RALLY*® mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under for more than ten (10) years in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet. The mark is well-recognized in the channels of trade used for the promotion and sale of the *R.O.T. BIKER RALLY*® mark's associated goods and services by Republic (including

industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the *R.O.T. Biker Rally*® mark has established a strong connection in the minds of the consumers between goods, services and events branded under the *R.O.T. Biker Rally*® mark and Republic as the source of such goods, service or events.

54.    Republic's *Republic of Texas Biker Rally*® mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under for more than ten (10) years in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet.  The mark is well-recognized in the channels of trade used for the promotion and sale of the *Republic of Texas  Biker Rally*® mark's associated goods and services by Republic (including industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the *Republic of Texas Biker Rally*® mark has established a strong connection in the minds of the consumers between goods, services and events branded under the *Republic of Texas Biker Rally*® mark and Republic as the source of such goods, service or events.

55.     Republic's ROT Cow Skull Logo mark is a strong and famous mark.  It is inherently distinctive, has obtained secondary meaning in the mind of consumers, has been extensively used and advertised under since as early as 2007 in association with the Festival and other Festival-related events and merchandise, and there has been significant publicity for the mark locally, regionally, nationally and via the internet. The mark is well-recognized in the channels of trade used for the promotion and sale of the ROT Cow Skull Logo mark's associated goods and services by Republic (including industry publications, biker community associations, on-line social networks, word-of-mouth, motorcycle-related businesses, festivals and events).  Accordingly, the ROT Cow Skull Logo mark has established a strong connection in the minds of the consumers between goods, services and events branded under the ROT Cow Skull Logo mark and Republic as the source of such goods, service or events.

56.     Because the Festival is the biggest motorcycle event of its kind in Texas and has a reputation as one of the most attended and best organized motorcycle festivals in the world, sponsors and advertisers are eager to affiliate and partner with Republic for promotional and sponsorship opportunities and for the promotion and marketing of sanctioned events and activities (e.g., location parties and "hot spots") in affiliation with Republic and its Festival (particularly during the time around the annual Rally) and to advertise in Festival-affiliated publications (such as the annual *Rally Guide*

that Republic publishes and distributes to Festival attendees, advertisers and locations around Austin).

57.     In addition to promoting its own and its sponsors' Festival-related activities, Republic also designs, markets and sells official Festival-themed and branded merchandise (including shirts, caps, hats, t-shirts, sweatshirts, bandanas, pins, belt buckles, miscellaneous apparel, jewelry, mugs, glasses, flags, blankets and other similar items) under the REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS. .This official Republic Festival merchandise is available to the public and marketed and sold at the Festival, at official outlets around Austin throughout the duration of the Festival and online via the www.rotrally.com website.

58.     To protect the goodwill associated with Republic, the Festival and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS, Festival sponsorship and promotional opportunities and sponsored cooperative advertising must be approved by Republic personnel.

59.     Republic has spent a considerable amount of time, money and effort establishing REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS in the minds of consumers and sponsors as representative of high-quality, fun events and associated quality merchandise and publications.  As a result, REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS are now associated in the minds of

consumers with Republic and its Festival and with Republic as an organizer and promoter of high-quality, fun festivals and events and a retailer of high-quality, official Festival-related merchandise.

60.     As a result of the extensive publicity, advertising and promotion of the Festival and sales of Republic's related merchandise under REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS, REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS have acquired secondary meaning in that they identify Republic as the source of such goods, services, events and activities and so that any festival, activity, product, service or advertisement bearing such marks is immediately associated by consumers, the public and the trade as originating from or being affiliated with Republic.

61.     Republic and its annual Festival have achieved outstanding commercial success and widespread commercial recognition and attention in the press (on a local and nationwide basis) and on the internet.

62.     The goodwill Republic has developed in REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS is extremely important in the marketing of the Festival and of Republic's associated merchandise and related sponsorship, advertising and promotional opportunities and is an asset of inestimable value to Republic.

63.     REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS are inherently distinctive and are associated in the minds of consumers, the public and the trade with Republic.  REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS  are arbitrary and fanciful marks that are entitled to the highest level of protection afforded by law.

### GULLER AND ONE OR MORE THE  BIKINIS ENTITIES ADVERTISE IN REPUBLIC'S 2007 FESTIVAL RALLY GUIDE

64.     Defendants Guller and the Bikinis Entities own and operate several *Bikinis Sports Bar & Grill* sport-and-bikini-themed restaurant and bars in Texas and elsewhere and market the franchise rights to additional *Bikinis Sports Bar & Grill* locations.

65.     The Bikinis Entities own and operate websites and e-commerce sites such as [www.bikinissportsbarandgrill.com](www.bikinissportsbarandgrill.com) through which they promote their *Bikinis Sports Bar & Grill* locations, market franchise rights to additional *Bikinis Sports Bar & Grill* locations, and display, offer and sell a variety of goods and merchandise (including t-shirts, tank tops, caps, koozies, calendars, shot glasses, etc.).  The merchandise is also displayed and sold in person at the *Bikinis Sports Bar & Grill* locations.

66.     At Gullers' direction, the Bikinis Entities (in particular, BSBG) have filed for and obtained state and federally-registered trademarks on several names and logos used in connection with the *Bikinis Sports Bar & Grill* locations and their related businesses.  In particular, at Guller's direction BSBG filed two U.S. trademark

applications in late 2006 and two more in February 2010.  On information and belief,

Guller had the application filed, at least in part, to protect the marks used in connection

with the *Bikinis Sports Bar & Grill* businesses from unauthorized use by others.  At those

times and in connection with the trademark applications, Guller was advised regarding

and learned about U.S. trademark laws.  Thus, since at least early 2007, Guller has had

at least a rudimentary understanding regarding what constitutes a trademark and what

protections are afforded by a trademark and has known that U.S. and state laws

generally protect trademark owners against other's unauthorized use of their

trademarks.

   67. Prior to Republic's 2010 Festival, Guller, the Bikinis Entities, BSBG,

Bikinis-Austin, Bikinis-6th Street, and BSBG-Franchising knew of and were familiar with

Republic, the Festival and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW

MARKS.  Guller, BSBG and Bikinis-Austin have known of and been familiar with

Republic, the Festival and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW

MARKS since May 2007.  Also, since May 2007, Guller in particular was specifically

aware that Republic used the marks identified as REPUBLIC'S REGISTERED MARKS, the

ROT Cow Skull Logo, and the terms "ROT", "R.O.T.", "ROT Biker Rally" and "R.O.T.

Biker Rally" as trademarks in association with Republic's business and its Festival.

68.     Specifically, Guller was well aware of Republic, its Festival, common law versions of REPUBLIC'S REGISTERED MARKS, the ROT Cow Skull Logo, and Republic's use of the terms "ROT", "R.O.T.", "ROT Biker Rally" and "R.O.T. Biker Rally" as trademarks because on roughly May 1, 2007, Guller decided after being presented with Republic's Festival marketing materials and Ad/Sponsorship Agreement (which contained each of those marks) to purchase an ad,  execute an advertising agreement with Republic, and place an ad (either for BSBG or Bikinis-Austin) in the Festival's 2007 *Rally Guide*.

69.     The Republic advertising agreement provided to Guller, which Guller personally signed and which is hand-dated May 1, 2007, prominently displayed the following true and correct excerpted copy of Republic's ROT Cow Skull logo mark (which also incorporates the terms "ROT" and "ROT BIKER RALLY"):



70.     Guller paid for the ad in the Festival's 2007 *Rally Guide* with a hand-written check drawn on the "*Bikinis Bar & Grill*" account at American Bank of Commerce.  Guller personally signed the check for the ad and made the check out  via hand to "ROT Biker Rally."

71.    Guller (with the assistance of others) prepared, submitted and revised the
desired ad copy for the Festival's 2007 *Rally Guide*  The final ad copy submitted by
Guller (which was then published in the Festival's 2007 *Rally Guide*) identifies "Bikinis
Bar and Grill" at 6901 N. IH-35 (which on information and belief is one of the former
name used by the *Bikinis Sports Bar & Grill* at that location) , states that *Bikinis Bar &
Grill* is "Home of the Biggest Bike Nite in Austin," has a graphic of a female next to a
motorcycle, prominently displays the phrase "BIKE WEEK" (which corresponds to the
week of Republic's 2007 Festival and states that *Bikinis Bar & Grill* will have "Bbq,
Bands, Giveaways and More" and a bikini contest during that period.

72.    After its publication, Guller and *Bikinis Bar & Grill* were sent and provided
with a copy of the Festival's 2007 *Rally Guide.*  Notably, per Guller's specific request, the
ad Guller purchased for *Bikinis Bar & Grill* ran on the 2007 *Rally Guide*'s masthead
publication page, ***directly beside*** Republic's own publication masthead containing the
following image (a true and correct excerpt of which is shown directly below):



73.    Guller also communicated on more than one occasion (both before and
after the ad was published) with Republic's representatives about advertising and

sponsorship opportunities with the Festival.  Also, in coordination with Guller and

other Bikinis Entities personnel, Republic also set up and held sponsored promotional

"Bike Nites" (funded partially by other Festival sponsors) at the *Bikinis Bar & Grill*

located at 6901 N. IH-35.

74.    Guller, Bikinis-Austin, and BSBG were offered similar opportunities to

advertise with or sponsor the Festival after 2007, but declined those offers.


### GULLER AND THE BIKINIS ENTITIES' UNAUTHORIZED USE OF REPUBLIC'S MARKS

75.    Instead of continuing to affiliate with Republic and its Festival, Guller,

Bikinis-Austin, BSBG, Bikinis-6th Street, BSBG-Franchising  (and the Individual

Defendants identified as their agents) set out on a scheme to copy and misuse

Republic's most valuable and important trademarks (including REPUBLIC'S REGISTERED

MARKS and REPUBLIC'S COMMON LAW MARKS), to make, advertise and sell ***knock-off***

***merchandise*** under and containing Republic's trademarks (which were sold in 2008,

2009 and 2010 at the *Bikinis Sports Bar & Grill* locations and online via affiliated

websites), and to promote and hold competitive ***knock-off festivals and events*** under

Republic's trademarks at the same time as Republic's 2008, 2009 and 2010 Festivals.

76.    Without Republic's authorization (and long after Republic's adoption and

use of REPUBLIC'S COMMON LAW MARKS and registration of REPUBLIC'S REGISTERED

MARKS), Guller, the other Individual Defendants and the Bikinis Entities played upon and wrongfully usurped Republic's goodwill by **extensively** and **comprehensively** using REPUBLIC'S REGISTERED MARKS (and pre-registration common-law versions thereof) and REPUBLIC'S COMMON LAW MARKS to promote various activities and events at their *Bikinis Sports Bar & Grill* locations (as well as to promote the restaurant and bars themselves and to sell their goods, services, merchandise and food and drink offerings) during June 2010—the exact same time that Republic was holding and promoting its annual 2010 Festival in Austin, Texas—and, on information and belief, during 2009 and 2008 as well.

77.     For example, in early June 2010 (i.e., during Republic's 2010 Festival and for several days beforehand), the *Bikinis Sports Bar & Grill* located at 6901 N. IH-35 in Austin, Texas (which on information and belief is presently owned by Bikinis-Austin and is managed by Bikinis-Austin and BSBG) extensively promoted food, drinks, events, musical acts and parties (indeed, a whole mini-festival) under Republic's "ROT", ROT Cow Shull logo, *ROT RALLY*® and *ROT BIKER RALLY*® marks (and colorable imitations of Republic's "R.O.T.",  *R.O.T. RALLY*® and *R.O.T. BIKER RALLY*® marks) as shown by its design, printing and posting of posters promoting a supposed "2010 ROT Rally Lineup" of bands and a bikini contest (Fig. 2):



**Fig. 2**.  Poster

printing and distribution of handbills promoting *Bikinis Sports Bar & Grill*'s weekend

food specials, musical acts and bikini contest (Fig. 3):



**Fig. 3**.  Handbill (front and back) with Republic's marks advertising the "ROT BIKER RALLY AT Bikinis"

40

and advertising and falsely promoting itself as "ROT RALLY HEADQUARTERS" on its

marquee abutting highly-trafficked Interstate 35 (Fig. 4):



**Figs. 4 (a) – (c)**.  Bikinis' marquee and signage at 6901 IH-35 (shown on several days).

78.     On information and belief, Pearson designed the handbills and the posters

in the course and scope of his employment with one of the Bikinis Entities and at the

authorization of Guller and, on behalf of Bikinis-Austin and  Bikins-6th Street,

contracted for the production and printing of the posters and thousands of handbills by

Defendant Minuteman Press.  Minuteman Press printed these posters and printed

approximately 4,500 copies of the handbills , 3,500 of which were purchased and paid

for by Bikinis-6th Street and 1,000 of which were purchased and paid for by Bikinis-

Austin.  Bikinis-Austin publicly posted the posters around its 6901 N. IH-35 *Bikinis*

*Sports Bar & Grill* location.  Bikinis-6th Street and Bikinis-Austin both distributed the

41

handbills to customers and to the general public at the *Bikinis Sports Bar & Grills* located at 6901 N. IH-35 and on 6th Street in Austin and elsewhere in order to promote the events scheduled to take place at the *Bikinis Sports Bar & Grill* located at 6901 N. IH-35. Guller and the Individual Defendants, each while acting within the course and scope of their authority on behalf of the Bikinis Entities, authorized the posting and distribution of the posters and the handbills. Republic has never authorized Minuteman Press to use or reproduce any of REPUBLIC'S REGISTERED MARKS or REPUBLIC'S COMMON LAW MARKS.

79.     Notably, in the printed promotional items shown above, the Bikinis Entities prominently note that they consider their own "Bikinis" moniker or logo to be a protected trademark (Fig. 5):



**Fig. 5**. Expanded portion of Bikinis' Handbill

80.     One or more of the Bikinis Entities also had manufactured men's and women's t-shirts and tank tops bearing Republic's "ROT," *ROT RALLY*® and *ROT BIKER RALLY*® marks and an imitation of Republic's Winged Skull Motor Logo mark (Figs 6 and 7):

42




**Figs. 6(a)** and **6(b)**.  Bikinis' men's t-shirt (front and back) bearing counterfeit Republic marks.




**Figs 7(a)** and **7(b)**.  Bikinis' women's tank top (front and back) bearing counterfeit Republic marks.

which the Bikinis Entities (particularly Bikinis-Austin and Bikinis-6th Street) displayed,

advertised and sold to consumers at *Bikinis Sports Bar & Grill* locations, including the 6th

Street location (which on information and belief is managed by Bikinis-6th Street) and at

the 6901 IH-35 location (Figs. 8 - 13):

 

**Fig. 8**.  Women's tank top displayed at I-35 location.   **Fig. 9**.  Men's t-shirts displayed at 6th Street location.

 

**Figs. 10** and **11**.  Consumers wearing men's and women's t-shirts and tank tops at 6th Street location.





**Fig. 12**.  Waitress selling tank top at I-35 location.     **Fig. 13**.   Receipt for t-shirt sale at I-35 location.

81.     On information and belief, Pearson (or other authorized Bikinis Entities'

personnel) designed the t-shirts and tank tops (and the text and graphics on them) in

the course and scope of his employment with one of the Bikinis Entities and at the

authorization of Guller.   With the consent of Guller, Bikinis-Austin and Bikins-6th Street

contracted with Defendant Dizzy Tees for the screen-printing of these t-shirts and tank-

tops.  Dizzy Tees laid-out, produced and screen-printed these t-shirts and tank tops,

which were then purchased by, sold to and paid for by Bikinis-6th Street and Bikinis-

Austin.  Bikinis-6th Street and Bikinis-Austin both displayed and sold these t-shirts and

tank-tops to customers and to the general public at the *Bikinis Sports Bar & Grills* located

at 6901 N. IH-35 and on 6th Street in Austin.  On information and belief, BSBG, BSBG-

Franchising or one of the other Bikinis Entities also advertised and/or sold these t-shirts and tank-tops via the web and on the www.bikinissportsandgrill.com/store website. Guller and the Individual Defendants, each while acting within the course and scope of their authority on behalf of the Bikinis Entities, authorized the design, production, purchase and sale of these t-shirts and tank-tops.  Republic has never authorized Dizzy Tees to use or reproduce any of REPUBLIC'S REGISTERED MARKS or REPUBLIC'S COMMON LAW MARKS.

82.     On information and belief, the illustrations on the handbills, t-shirts and tank tops were copied from Republic's literature and Republic's www.rotrally.com website.

83.     On information and belief, at the direction of Guller and some or all of the other Individual Defendants, some or all of the Bikinis Entities have regularly and knowingly produced, advertised and sold (both locally and in interstate commerce) merchandise containing knock-offs of a number of third-parties' well-known protected trademarks and copyrights.  The frequency of such conducted is so consistent and repetitive as to constitute a scheme or pattern of conduct.

84.     Fig. 13 (shown below) is a true and correct copy of a "North Austin Bikinis" receipt from the 6901 N IH-35 location and shows the sale of "ROT Shirt (2 @14.99)" and explicitly bears the phrase "ROT RALLY 2010 WELCOME BIKERS!"  On

information and belief, the Bikinis Entities re-programmed their point-of-sale systems to print and printed that phrase (or a similar phrase) on all receipts at each of their Austin-area *Bikinis Sports Bar & Grill* locations throughout the duration of the 2010 Rally.

84.     The Bikinis Entities' systemic use of a number of REPUBLIC' REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS demonstrates that the Bikinis Entities intended to usurp and trade upon Republic's goodwill and to wrongfully and extensively promote the Bikinis Entities' offerings, businesses and locations under Republic's marks..

85.     Moreover, as shown by their extensive unauthorized use of REPUBLIC' REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS, the Bikinis Entities promoted themselves to the public either as if they and their *Bikinis Sports Bar & Grill* locations were official Festival sponsors and affiliates (and as if the goods, merchandise, food, and beverages they sold and the activities and events they conducted during that time were approved, recommended, sanctioned, manufactured and/or officially licensed by the Republic) or as if all of the event, activities and offerings at Bikinis-Austin's *Bikinis Sports Bar & Grill* location at 6901 N. IH-35 was either a part of Republic's Festival or was the Bikinis Entities' own "ROT Rally" festival.

86.     In fact, the handbills produced and distributed by the Bikinis Entities and

their personnel contained images of Republic's Cow Skull logo (which inherently

incorporates several of Republic's registered marks) and one of BSBG's registered

trademarks and advertises that the events, activities and offerings occurring between

Thursday, June 10th and Saturday June 12th at the *Bikinis Sports Bar & Grill* location at

6901 N. IH-35 were a part of "ROT BIKER RALLY AT BIKINIS":



87.     Included below is a true and correct excerpt from a promotional webpage

created by Defendant Soul-to-Soul.  On information and belief, Soul-to-Soul was

retained by one of the Bikinis Entities (via one of the Individual Defendants) to provide

musical acts and to promote the events occurring between Thursday, June 10th and

Saturday June 12th at the *Bikinis Sports Bar & Grill* location at 6901 N. IH-35.  On its

webpage, Soul-to-Soul specifically described, publicized and promoted the events on

those days as "ROT RALLY 2010 @ BIKINIS SPORTS BAR & GRILL":



The web promotion cited above was within the scope of the contracted-for services between Soul-to-Soul and whichever one of the Bikinis Entities retained Soul-to-Soul. The web promotion was prepared and released by Soul-to-Soul on the Bikinis Entities' behalf.  Republic has never authorized Soul-to-Soul to use any of REPUBLIC'S REGISTERED MARKS or REPUBLIC'S COMMON LAW MARKS

88.     From June 10, 2010 through June 12, 2010, Bikinis-Austin held its own counterfeit 3-day festival under the name "ROT RALLY".  The "ROT RALLY" name selected and used by Bikinis-Austin is identical to Republic's registered ROT RALLY® mark (and is a colorable imitation of Republic's R.O.T. RALLY® mark).  Bikinis-Austin also used REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS to promote its counterfeit 3-day festival.  Via these wrongful acts and copying and use of Republic's trademarks, Bikinis-Austin wrongfully reaped the benefit of food, beverages and

merchandise sales over those days at the 6901 N. IH-35 *Bikinis Sports Bar & Grill* location (as well as at the 6th Street location),  including sales of counterfeit t-shirts and tank-tops bearing imitations and knock-offs of Republic's marks.  Bikinis-6th Street promoted Bikinis-Austin's counterfeit festival by distributing copies of the handbills.  Each of the alleged acts was authorized by Guller, BSBG and/or the Individual Defendants.

89.     Soul-to-Soul's web promotion also evidences ***actual confusion*** as to the source of origin for and affiliation of Bikinis-Austin's counterfeit 3-day festival at its 6901 N. IH-35 *Bikinis Sports Bar & Grill* location.

90.     On information and belief, the Bikinis Entities currently continue to display and offer for sale t-shirts under Republic's *ROT RALLY® mark.*

91.     The events promoted and conducted by the Bikinis Entities and the goods, merchandise and food and beverages sold by the Bikinis' Entities under or in connection with their unauthorized use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS compete with similar authentic offerings available from Republic and from Republic's legitimate authorized sponsors and promotional partners.

92.     The Bikinis Entities have used the terms "ROT Rally" and "ROT Biker Rally" and other graphics on advertising and promotional materials in connection with their businesses in a manner identical or confusingly similar to REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.   The Bikinis Entities' use of these monikers

and graphics is identical to or is a colorable variation of REPUBLIC'S REGISTERED MARKS

and REPUBLIC'S COMMON LAW MARKS.

93.     On information and belief, the Bikinis Entities' offerings under their

imitations of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS –

including the counterfeit festivals conducted by Bikinis-Austin and the counterfeit

apparel offered and sold by Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising

and via the Bikinis Entities' websites and e-commerce sites—are of dissimilar quality

from competitive offerings available from Republic and from its legitimate authorized

sponsors and promotional partners.

94.     By their acts described herein, the Bikinis Entities, Minuteman Press,

Dizzy Tees and Soul-to-Soul have caused their goods and services and misleading

advertising and promotion to be displayed and sold in interstate commerce and within

this judicial district.

95.     Without the required authorization, the Bikinis Entities, Dizzy Tees and

Soul-to-Soul have used in interstate commerce a reproduction, counterfeit, copy or

confusingly similar or colorable imitation of REPUBLIC'S REGISTERED MARKS and

REPUBLIC'S COMMON LAW MARKS in connection with the sale, offer for sale, distribution,

advertising and promotion of goods, merchandise, services and events, such use being

likely to cause confusion or to cause mistake or to deceive.  The Bikinis Entities'

prominent and extensive use and display of confusingly similar colorable imitations of Republic's famous REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS in advertising and on promotional materials in Texas for the Bikinis Entities ' offerings has caused and is likely to cause confusion and mistake among the purchasing and consuming public, or will deceive the purchasing and consuming public as to the origin, sponsorship or approval of the goods, merchandise, food, beverages, services, events, activities and festivals of the Bikinis Entities and/or otherwise cause confusion or mistake among the purchasing and consuming public or deceive the purchasing and consuming public.

96.     Republic has no control over the nature or quality of the Bikinis Entities', Dizzy Tees' or Soul-to-Soul's offerings under the "ROT Rally" and "ROT Biker Rally" monikers and other graphic logos identified above.  Any failure, neglect or default by the defendants has or will reflect adversely on Republic as the perceived source of origin or approval of the defendants' offerings, thereby hampering efforts by Republic to continue to protect its outstanding reputation and resulting in the risk of lost of sales, diminished goodwill and reputation, and the loss of the considerable expenditures and efforts that have been made to promote the Festival and Republic's legitimate offerings under its marks, all to the irreparable harm of Republic.

97.     To the great detriment of Republic, the Bikinis Entities' unauthorized use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS has resulted in the dilution of the exclusive rights that Republic is entitled to enjoy in connection with its marks and their use in connection with the promotion and sale of Republic's and its affiliates' merchandise, services and events.

98.     The Bikinis Entities' unauthorized use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS (including the ROT RALLY® and ROT BIKER RALLY® marks) in connection with the Bikinis Entities' activities described above is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of the Bikinis Entities with Republic or as to the identity, origin, sponsorship or approval of any of the Bikinis Entities' offerings such that consumers and purchasers will be likely to associate or have associated the Bikinis Entities' offerings (including activities, events, festivals, merchandise, goods, food, beverages and services) with and as originating from or being approved or recommended by Republic.[5]

99.     Guller , Pearson, Bikinis-Austin, Bikinis-6th Street, BSBG and BSBG-Franchising (and, on information and belief, each of the Bikinis Entities) willfully intended to trade on the recognition of Republic's famous REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS

---

[5] Each of the photographs and graphics in the Figures and pictures above is a true and correct copy or representative example of what it purports to be.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

100.    Republic re-alleges the above paragraphs.

101.    The Bikinis Entities' extensive unauthorized use of the terms "ROT Rally" and "ROT Biker Rally," as described above, constitutes infringement of Republic's registered  *ROT RALLY®, R.O.T. RALLY®, ROT BIKER RALLY®* and *R.O.T. BIKER RALLY®* marks and the Bikinis Entities are liable to Republic for trademark infringement under 15 U.S.C. § 1114, *et seq.*  Guller, Pearson, Voorhees and Manfire are each liable as contributory infringers for intentionally inducing the Bikinis Entities and others to infringe Republic's marks identified herein and Dizzy Tees and Minuteman Press are liable as a contributory infringers for producing the t-shirts, tank tops, handbill and posters knowing or having reason to know the recipients, Bikinis-Austin,  Bikinis-6th Street, Pearson and Guller, are engaging in trademark infringement.

102.    Dizzy Tees' and Soul-to-Soul's unauthorized use of the terms "ROT Rally" and "ROT Biker Rally," as described above, constitutes infringement of Republic's registered  *ROT RALLY®, R.O.T. RALLY®, ROT BIKER RALLY®* and *R.O.T. BIKER RALLY®* marks and they are liable to Republic for trademark infringement under 15 U.S.C. § 1114, *et seq.*

103.    Republic has been and will continue to be irreparably harmed by the Bikinis Entities' and Guller's conduct and the Bikinis Entities' and Guller's wrongful infringing conduct will continue unless enjoined by this Court.

104.    Republic has no adequate remedy at law.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

105.    Republic re-alleges the above paragraphs.

106.    Republic owns and enjoys common law rights in Texas and throughout the United States in and to REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS (including the ROT RALLY® and ROT BIKER RALLY® marks) and other common law marks used in connection with its Festival and Republic's related events and merchandise offerings.

107.    As shown in the chart below, the Bikinis Entities, Pearson, Dizzy Tees and Minuteman Press have explicitly copied Republic's illustrative ROT Cow Skull and the Winged Motor Skull logos in which Republic has established common law trademarks:



| **Infringing Item** | **Republic's logo** |
|---|---|
| Shirt: | |
| Handbill excerpts: | |

108.    On information and belief, in 2009 the Bikinis Entities (including Bikinis-Austin and BSBG) sold merchandise bearing Republic's famous common law "ROT", "ROT Rally" and/or "ROT Biker Rally" trademarks, including t-shirts screen-printed with the image in Fig. 6(a) on the front and the following image on the reverse:



109.    On information and belief, in 2008 the Bikinis Entities advertised and sold

merchandise identified as "ROT Rally t-shirts."  On information and belief, those t-

shirts also bore Republic's common law "ROT", "ROT Rally" or "ROT Biker Rally"

trademarks.

110.    On information and belief, Bikinis-Austin promoted and held a festival

and events in June 2009 at its 6901 N. IH-35 *Bikinis Sports Bar & Grill* location similar the

event it held in June 2010, as described above.  On information and belief, June 2009

events also were identified with and promoted under Republic's common law "ROT",

"ROT Rally" or "ROT Biker Rally" trademarks.  On information and belief, similar

activities may have occurred in 2008.

111.    On information and belief, the design, production and advertising of the t-

shirts and the promotion of the 2009 events using Republic's famous marks were

authorized and/or approved by Guller, Pearson, Bikinis-Austin, and/or BSBG.

112.    The Bikinis Entities' and Dizzy Tees' use of Republic's marks (including REPUBLIC'S COMMON LAW MARKS and common law precursors to REPUBLIC'S REGISTERED MARKS) in connection with its *Bikinis Sports Bar & Grill* locations and with the Bikinis Entities' offerings described above has and is likely to cause confusion, mistake, or deception as to the affiliation, connection or association of the Bikinis Entities and their offerings with Republic and/or as to the identity, origin, sponsorship or approval of the Bikinis Entities' restaurants, bars, merchandise, food, beverages, and promoted events and festivals, such that the public will be likely to associate or has associated such offerings with Republic.

113.    The Bikinis Entities' and Dizzy Tees' activities constitute trademark infringement under the laws of the State of Texas (e.g., TEX. BUS. & COM. CODE ANN. § 16.26) and common law trademark infringement and the Individual Defendants' activities constitute contributory infringement.

114.    The Bikinis Entities' and Dizzy Tees' infringement will continue unless enjoined by this Court.

115.    Republic has no adequate remedy at law.

### COUNT III
### FALSE DESIGNATION OF ORIGIN AND
### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

116.    Republic re-alleges the above paragraphs.

117.     Each of the Bikinis Entities' use as alleged above of the terms "ROT",

"ROT Rally", "ROT Biker Rally" and other Republic logos identified above constitutes a

false designation of origin which is likely to deceive and, upon information and belief,

has deceived the public, customers and prospective customers into believing that the

Bikinis Entities' offerings are those of Republic or are affiliated with Republic and, as a

consequence, are likely to divert and have diverted customers away from Republic and

its affiliates.

118.     On information and belief, Guller and the Bikinis Entities specifically

intended and attempted to (and continued to attempt to) capitalize on the good name,

reputation and goodwill of Republic and its Festival.

119.     Each of the Bikinis Entities' and Guller's acts, as alleged above, constitutes

use of a word, term, name, symbol and a false designation of origin which is likely to

cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

association of the Bikinis Entities and the *Bikinis Sports Bar & Grill* locations with

Republic, or as to the origin, sponsorship, or approval of the Bikinis Entities' goods,

services, events, festivals and commercial activities by Republic, in violation of the

Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

120.     Each of the Bikinis Entities' and Guller's acts, as alleged above,

misrepresent the nature, characteristics, qualities, or origin of the Bikinis Entities' goods,

services, or commercial activities in violation of the Lanham Act, 15 U.S.C.

§ 1125(a)(1)(B).

121.   The Bikinis Entities' and Guller's conduct has caused and, if not enjoined, will continue to cause, irreparable damage to Republic, its Festival and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS and its other trademark rights, good name, reputation and goodwill in a manner that cannot be fully compensated by monetary damages.

122.   The Bikinis Entities' and Guller's false designation of origin and unfair competition will continue unless enjoined by this Court.

123.   Republic has no adequate remedy at law.

## COUNT IV
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

124.   Republic re-alleges the above paragraphs.

125.   REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS (including the *ROT RALLY*® and *ROT BIKER RALLY*® names and marks) became famous before the Bikinis Entities' use of those terms.  Guller's prior knowledge regarding Republic, its Festival and its trade names, trademarks and logos may e imputed to each of the Bikinis Entities.

126.   The Bikinis Entities' and Guller's conduct has reduced the capacity of the Republic's famous REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS

(including the *ROT RALLY*® and *ROT BIKER RALLY*® names and marks) to identify and

distinguish the ROT Rally's goods, services, mechandise and sanctioned events.

127.    The Bikinis Entities' acts, as alleged above, constitute dilution Republic's

famous *ROT RALLY*® and *ROT BIKER RALLY*® names and marks and of REPUBLIC'S

REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS in violation of the Lanham Act,

15 U.S.C. § 1125(c).

128.    Guller and each of the Bikinis Entities willfully intended to trade on the

Republic's reputation and to cause dilution of Republic's famous *ROT RALLY*® and *ROT

BIKER RALLY*® names and marks and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S

COMMON LAW MARKS.

129.    The Bikinis Entities' and Guller's conduct has caused and, if not enjoined,

will continue to cause, irreparable damage to Republic's famous names and marks,

trademark rights, good name, reputation and good will in a manner that cannot be

calculated or compensated by monetary damages.

130.    Republic has no adequate remedy at law.

### COUNT V
### DILUTION OF MARKS AND INJURY TO BUSINESS REPUTATION

131.    Republic re-alleges the above paragraphs.

132.    REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS have a distinctive quality, which have become associated with Republic (and its Festival) and its standards of high quality.

133.    Through the Bikinis Entities' use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS (as authorized by Guller), there exists a likelihood of injury to the business reputation of Republic and a likelihood of dilution of the distinctive qualities of the REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS in violation of TEX. BUS. & COM. CODE ANN. § 16.29.  Guller's and the Bikinis Entities' use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS on the Bikinis Entities' merchandise and in relation to their events, offerings and festivals and in their advertising and promotional materials is diluting the distinctive quality of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS and the "ROT Rally" name.

134.    The Bikinis Entities (and Guller) will continue diluting t REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.and injuring Republic's business reputation unless enjoined by this Court.

135.    The ROT Rally has no adequate remedy at law.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

136.    Republic re-alleges the above paragraphs.

137.    Guller, BSBG, Bikinis-Austin, Bikinis-6th Street and BSBG-Franchising (as well as the remaining Bikinis Entities) have been guilty of unfair competition, deceptive advertising, and other unfair trade practices in violation of the Texas common law of unfair competition based on their use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS without authorization, causing Republic damages and loss of profits.

138.    On information and belief and as exemplified here, Guller's and the Bikinis Entities' conduct has been intentional and willful in nature and will continue unless enjoined by this Court.

139.    Republic has no adequate remedy at law.

## COUNT VII
### COUNTERFEITING UNDER 15 U.S.C. § 1114 AND WILLFUL INFRINGEMENT

138.    Republic re-alleges the above paragraphs.

139.    Guller, BSBG, BSBG-Franchising, Bikinis-Austin, Bikinis-6th Street (and, on information and belief, the remaining the Bikinis Entities) and the other Individual Defendants knowingly and intentionally adopted, copied, manufactured, displayed, advertised, distributed, offered for sale and sold items, events and/or services that bear or were identified by or promoted under spurious designations or marks that are identical to or substantially indistinguishable from REPUBLIC'S REGISTERED MARKS.

140.     On information and belief, Guller, BSBG, BSBG-Franchising, Bikinis-Austin, Bikinis-6thStreet (and, on information and belief, the remaining Bikinis Entities) and the other Individual Defendants selected used these spurious designations knowing they are counterfeit in connection with the advertisement, promotion, sale, offering for sale and distribution of goods, services and commercial activities, as described above.

141.     These Defendants' unauthorized use of protected REPUBLIC'S REGISTERED MARKS on and in connection with the Bikinis Entities' advertisement, promotion, sale, offering for sale and distribution of goods, services and commercial activities constitutes these Defendants' use of REPUBLIC'S REGISTERED MARKS in commerce.

142.     On information and belief, these Defendants' unauthorized use of REPUBLIC'S REGISTERED MARKS as set forth above is likely to: (a) cause confusion, mistake and deception; (b) cause the public to erroneously believe that the Bikinis Entities' offerings are the same as Republic's offerings or that the Bikinis Entities are authorized, sponsored or approved by Republic or that some or all of the Bikinis Entities are affiliated, connected or associated with or in some way related to Republic or its Festival; and (c) result in the Bikinis Entities' unfairly benefiting from the Republic's advertising  and promotional efforts and profiting from the reputation of Republic, its Festival and REPUBLIC'S REGISTERED MARKS all to the substantial and irreparable injury

of the public, Republic, the Festival, REPUBLIC'S REGISTERED MARKS and the substantial goodwill represented by such marks.

143.    This confusion and counterfeiting causes irreparable harm to Republic and its Festival and weakens the distinctive quality of REPUBLIC'S REGISTERED MARKS.

144.    On information and belief, these Defendants adopted and used REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS with knowledge of and while cognizant of Republic's long history of prior use of the "ROT", "ROT Rally", and "ROT Biker Rally" trade names and REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.  These Defendants' activities were willful acts in derogation of Republic's rights.

145.    On information and belief, these Defendants' conduct was commenced in spite of their prior knowledge that any unauthorized use of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS or any reproductions, counterfeits, copies or colorable imitations of such names and/or marks are violations of Republic's exclusive rights.

146.    On information and belief, the Bikinis Entities and Guller continue to knowingly and willfully capitalize on the good name, reputation and goodwill of the Republic and its Festival and use REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS without permission or authority from Republic, with knowledge

of Republic's protectable rights in its names and marks, and in manifest violation of Republic's rights.

147.    On information and belief, these Defendants' acts are both willful and malicious.

148.    On information and belief, these Defendants' conduct constitutes willful and intentional infringement of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.  Such actions have been undertaken by these Defendants in disregard of Republic's rights.

149.    On information and belief, these Defendants acts constitute trademark counterfeiting and willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  Accordingly, Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising, Guller, Pearson, Manfire, Voorhees (and, on information and belief, the remaining Bikinis Entities) are liable to Republic for all damages stemming from their production of counterfeit or infringing goods and their promotion (and sale) of goods, services, events and commercial activities using counterfeit or infringing versions of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS..

150.    By using counterfeits and infringements of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS in connection with the Bikinis Entities' offerings, the Bikinis Entities are trading on the goodwill and reputation of Republic and its

Festival and creating the false impression that the Bikinis Entities' merchandise and their events are Republic's legitimate products or are sanctioned by Republic.

151.     On information and belief, the Defendants have been unjustly enriched by illegally using and misappropriating Republic's intellectual property for their own (or, in the case of individuals, for their employer's or their company's) financial gain and have unfairly benefited and profited from usurping Republic's outstanding reputation and  its significant promotion of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.

152.     Republic has had no control over the nature and quality of the products sold or events promoted by the Defendants bearing or under counterfeits and infringements of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS..

153.     On information and belief, the Bikinis Entities and the Individual Defendants have acted with reckless disregard for Republic's rights or were willfully blind in connection with their unlawful activities.

154.     On information and belief, Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising (and, in combination, the other Bikinis Entities) and the Individual Defendants have willfully and maliciously engaged in their counterfeiting and infringing activities.

155.     As a result of the foregoing, this case constitutes an exceptional case under

15 U.S.C. § 1117(a) and/or a case of intentional counterfeiting under 15 U.S.C. § 1117(b).

156.    Republic has suffered irreparable harm and damages as a result of the acts of the Bikinis Entities and the Individual Defendants.

157.    The injuries and damages sustained by Republic have been directly and proximately caused by the Bikinis Entities' and the Individual Defendants'wrongful advertisement, promotion, distribution, sale and offers of sale of goods bearing, and promotion of commercial events and activities under, infringements or counterfeits of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS.

158.    By reason of the foregoing, the Bikinis Entities , Guller and the Individual Defendants are liable to Republic for: (a) an amount representing the Bikinis Entities' illicit profits, three (3) times the damages sustained by the Republic plus the costs of the action, or, at Republic's election, statutory damages in an amount of up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed as provided by 15 U.S.C.  § 1117(c) of the Lanham Act, and (b) reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117. Pursuant to the reasoning of *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986), Republic is also entitled to recover from each of the Bikinis Entities their gross sales revenues fraom counterfeit events and on counterfeit products because, as an infringer, each of the Bikinis Entities were legally obligated to destroy, rather than

sell, the counterfeit products and to not conduct the counterfeit events.

## COUNT VIII
### INDUCING TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)

159.     Republic re-alleges the above paragraphs.

160.     By their actions described above, each of the Individual Defendants and each of the Bikinis Entities as between one another is liable to Republic for willfully inducing and encouraging the dilution of Republic's famous marks.

161.     Republic is entitled to recover from the Individual Defendants and from the Bikinis Entities damages as authorized under 15 U.S.C. §1117 and under § 1118 to seizure and destruction of the means used to produce the materials causing the dilution, which in this case would include the Bikinis Entities computer systems and Bikinis-Austin's and Bikinis-6th Street's point-of-sale systems.

## COUNT IX
### CONSPIRACY

160.     Republic re-alleges the above paragraphs.

161.     The actions of Guller, Pearson, Voorhees and Manfire and each of the Bikinis Entities as alleged above constitute a combination to accomplish an unlawful purpose or a lawful purpose by an unlawful means, which was agreed to by the Individual Defendants and some or all of the Bikinis Entities, including Bikinis-Austin, Bikins-6th Street, BSBG, Bikinis-Franchising and whichever entities or individuals own

and/or manage the affiliated web and e-commerce sites.  Additionally, the production of the 2010 t-shirts and tank tops was agreed to by Dizzy Tees, the printing of the handbills and posters was agreed to by Minuteman Press and the production and promotion of the on-site events was agreed to by Soul-to-Soul.

162.    Accordingly, Guller, each and every Bikinis Entity and each of the Individual Defendants is equally and vicariously liable to Republic for the damages proximately caused by the actions described above.  Dizzy Tees is equally and vicariously liable for damages proximately related to the 2010 t-shirts and tank tops and Minuteman Press and Soul-to-Soul are equally and vicariously liable for damages proximately related to their promotion of the on-site events and printing of the handbills and posters.

## COUNT X
## AIDING AND ABETTING

163.    Republic re-alleges the above paragraphs.

164.    On information and belief, Guller, the Individual Defendants and each of the Bikinis Entities provided material support and encouragement to one another with respect to the conduct and wrongful activities described above.  Additionally, the production of the 2010 t-shirts and tank tops was facilitated by Dizzy Tees, the printing of the handbills and posters was facilitated by Minuteman Press and the production and promotion of the on-site events was facilitated by Soul-to-Soul.

165.     Accordingly, each defendant is liable for the damages described herein as for knowingly or recklessly aiding and abetting the principals in their wrongful activities.

## COUNT XI
## RICO VIOLATIONS UNDER 18 U.S.C. § 1964

166.     Republic re-alleges the above paragraphs.

167.     Under the Anti-Counterfeiting Consumer Protection Act of 1996, trademark counterfeiting is a predicate act under the Racketeering Influence & Corrupt Organizations Act (18 U.S.C. § 1962, et seq.)

168.     The counterfeiting acts of Bikinis-Austin, Bikinis-6th Street, BSBG, and BSBG-Franchising (and of whichever other defendants control or manage the www.bikinissportsbarandgrill.com and other existing and prior e-commerce sites)  and the assistance., encouragement and participation of Guller described herein constitute express violations of the Trademark Counterfeiting Act (18 U.S.C. § 2320, *et seq*.) and, in relation to consumers,  the advertising, sale and offer of sale of such goods and services constitutes deceptive business and trade practices under Texas' Deceptive Trade Practices Act (Tex. Bus. & Com. Code § 17.50, *et seq.* ).

169.     Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising and Guller conducted or participated in the conduct of the affairs of an enterprise engaged in interstate commerce through a pattern of racketeering activity—here, numerous

repeated instances of trademark counterfeiting of REPUBLIC'S REGISTERED MARKS as well as federally-registered marks of third parties—in violation of 18 U.S.C. § 1962(c). Guller, Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising have formed and participate in an enterprise or association via the Bikinis Entities' conglomeration and the affiliation of those companies that is and had been engaged in a pattern of racketeering activities and they have pursued the common purpose of making money illegally via the sale and promotion in interstate commerce of goods and services bearing counterfeits of third parties' registered trademarks. This association exists separate and apart from the pattern of racketeering that is being pursued by these Defendants.

170.    Defendants Bikinis-Austin, Bikinis-6th Street, BSBG, BSBG-Franchising and Guller and Pearson also conspired to engage in a pattern of racketeering activity (i.e., trademark counterfeiting as alleged herein) in violation of 18 U.S.C. § 1962(d).

171.    Guller and BSBG also directed and controlled the illegal conduct described herein and Guller was involved in and directed and controlled the management of the enterprise itself—the Bikinis Entities conglomerate.

172.    Republic has been directly harmed in its business and property as a result of these defendants' violations 18 U.S.C. § 1962. Accordingly, Republic is entitled to recover treble its damages and its attorneys fees under 18 U.S.C. § 1964.

## COUNT XII
### ALTER EGO

173.    Republic re-alleges the above paragraphs.

174.    As alleged above, each of the Bikinis Entities and the Parish are alter egos of one another and of Guller.  Moreover, the Corporate Entities have been repeatedly used by Guller in order to engage in the wrongful and illegal conduct, infringement and counterfeiting described herein and as a sham to perpetrate frauds and deceptions on consumers, on Republic and on numerous other intellectual property rights-holders.

175.    Accordingly, the Corporate Entities' corporate shells may be disregarded and each may be held directly liable for the others' actions and Guller may be held directly and personally responsible and liable for the activities of all of the Corporate Entities.

## COUNT XIII
### CONSTRUCTIVE TRUST

176.    Republic re-alleges the above paragraphs.

177.    On information and belief, Guller and the Bikinis Entities have inequitably profited from their wrongful activities described herein, including the adoption and use Republic's trademarks in knowing and/or reckless disregard of Republic's rights, and have been unjustly enriched by their wrongful actions described above.

178.     To protect Republic's rightful interests, Republic is entitled to and Guller and the Bikinis Entities' actions necessitate the imposition of a constructive trust over all funds received by the Bikinis Entities and/or Guller (or the Parish) in connection with or derived from their wrongful use of Republic's marks or other wrongful activities described herein.

179.     To prevent further immediate and irreparable harm, the Court should immediately enjoin any disposition by the Bikinis Entities, The Parish or Guller of any such funds.

## COUNT XIV
## DECLARATORY JUDGMENT

180.     Republic re-alleges the above paragraphs.

181.     Republic is entitled to a declaration under 28 U.S.C. § 2201, *et seq*., and the Texas Declaratory Judgment Act that the defendants' acts described herein constitute infringement and dilutions of REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS and unfair competition.

## PRAYER

Accordingly, Republic prays for:

A.     Preliminary and permanent injunctive relief enjoining and restraining the Bikinis Entities, the Individual Defendants, Dizzy Tees, Minuteman Press and Soul-to-

Soul and all of their officers, managers, agents, servants, employees, attorneys and all other persons and entities in privity or acting in concert with them from:

      i.     Using, reproducing, advertising or displaying REPUBLIC'S REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS in connection with the offer or sale of any goods, or the rendering of any services or any commercial activities;

      ii.     Using, reproducing, advertising or promoting any mark or name which is confusingly similar to, or a colorable imitation of, REPUBLIC'S REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS;

      iii.     Using, reproducing, advertising or promoting any mark or name which may be calculated to represent or which has the effect of representing that the products, services or commercial activities of any of the Defendants or any other person or entity are sponsored by, authorized by or in some way associated with Republic or its Festival;

      iv.     Using, reproducing, advertising or promoting in connection with any product or service or event or activity the name or mark "ROT" , "ROT Rally", "ROT Biker Rally", any of REPUBLIC'S REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS, or any confusingly similar mark or colorable imitation of such marks to identify any goods or the rendering of any services not authorized by Republic;

v.      Injuring the commercial reputation, renown and good will of

Republic or REPUBLIC'S REGISTERED MARKS and REPUBLIC'S COMMON LAW MARKS or

engaging in any course of conduct likely to cause confusion, deception or mistake, or

injure Republic's business reputation or weaken the distinctive quality of REPUBLIC'S

REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS.

vi.      engaging in any conduct constituting infringement or

counterfeiting of REPUBLIC'S REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS

or using or reproducing any word, term, name, symbol or device or any combination

thereof on any product, on any marketing materials, or in connection with any services

or commercial activities, which confuses or falsely represents or misleads, is calculated

to confuse, falsely misrepresent or mislead, or which has the effect of confusing, falsely

representing or misleading others that the products, services or activities of the

Defendants are in some way connected with Republic or its Festival or are sponsored,

approved or licensed by Republic;

vii.      Otherwise unfairly competing with Republic or engaging in a

pattern of racketeering activities; or

viii.      Secreting, destroying,  altering, removing, or otherwise dealing

with the unauthorized products, merchandise or promotional materials or any books or

physical or electronic records which contain any information relating to the importing,

manufacturing, producing, distributing, circulating, selling, marketing, offering for sale,

advertising, promoting, or displaying of all unauthorized products, merchandise,

services, activities, events or promotional materials which infringe REPUBLIC'S

REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS.

      B.      An order under 15 U.S.C. § 1116 directing the Defendants to file with this

Court and serve upon Republic's counsel, within thirty (30) days after service upon the

Defendants of any injunction that issues under 15 U.S.C. § 1125(a), a report in writing

under oath setting forth in detail the manner and form in which the Defendants have

complied with the injunction;

      C.      An order under 15 U.S.C. § 1118 directing the Defendants to deliver to

Republic for destruction or disposal any and all merchandise, advertisements, design

proofs or other materials in their possession or under their control bearing any of

REPUBLIC'S REGISTERED MARKS and  REPUBLIC'S COMMON LAW MARKS in any way or any

simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates,

molds, matrices, equipment, software and other means of production of such offending

merchandise, advertisements, print-outs or other materials;

      D.      An award to Republic of its <u>compensatory and exemplary damages</u> as

allowed by law and under the Lanham Act and, including under 15 U.S.C. § 1117(a),  an

award of the Bikinis Entities profits, three (3) times the damages suffered by Republic

and pre-judgment interest and the costs of suit, and under 18 U.S.C. § 1964 times the damages suffered by Republic and its attorneys' fees;

E.     An award to Republic of in the amount of the Bikinis Entities gross sales associated with the acts of trademark counterfeiting alleged herein;

F.     At Republic's election, <u>statutory damages in an amount of up to **$2,000,000 per counterfeit mark per type of goods or services sold**, offered for sale, or distributed</u> as provided by 15 U.S.C. § 1117(c) of the Lanham Act;

G.     An accounting by the Defendants to Republic under 15 U.S.C. § 1117 for any and all profits derived by the Defendants from their wrongful acts described herein;

H.     Imposition of a constructive trust upon the Bikinis Entities, The Parish and the Individual Defendants and their bank and financial accounts and disgorgement of all proceeds and restitution of all monies wrongfully received and held by the Bikinis Entities, The Parish and/or the Individual Defendants;

I.     A declaration as requested above and a declaration that this is an exceptional case and an award to Republic of its reasonable costs, attorneys' fees and investigators' fees as authorized by 15 U.S.C. § 1117 , 18 U.S.C. § 1964 and as otherwise allowed by Texas and federal law;

J.      An Order under 11 U.S.C.S. § 523(a)(6) that defendants be prohibited from any discharge under 11 U.S.C.S. § 727 for malicious, willful and fraudulent injury to Republic;

K.      An award of all exemplary and punitive and damages to which Republic may be entitled and any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under any other federal or state laws;

L.      Pre-judgment and post-judgment interest on any damage awards at the maximum rate permitted by law; and,

M.      Such other and further relief as the Court may deem just, proper or necessary under the circumstances.

### JURY DEMAND

As originally requested in its Original Petition, the ROT Rally request a jury trial on all issues so triable in this action.

Respectfully submitted,

LAW OFFICES OF CARL F. SCHWENKER

By: _____

Carl F. Schwenker, Attorney-in-charge
Texas Bar No. 00788374
1621 West Sixth Street
Austin, Texas 78703
Tel. (512) 480-8427
Fax (512) 857-1294

ATTORNEYS FOR THE REPUBLIC
OF TEXAS BIKER RALLY, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the **22nd** day of **February**, 2011, the foregoing document was served on the following by (check applicable method): ___ U.S. First Class Mail, sufficient postage prepaid; ___facsimile; ___ hand-delivery; **X** Court CF/ECM system.

Paul D. Schoonover
KLEIMAN, LAWRENCE, BASKIND & FITZGERALD, L.L.P.
8350 North Central Expressway, Suite 650
Dallas, Texas 75206
214-265-7411 (fax)
ATTORNEYS FOR DEFENDANTS
(Specifically, those Defendants that have already appeared in this action)

By:_____

## EXHIBIT 1



EXHIBIT 2

# United States of America

## United States Patent and Trademark Office

# R.O.T. Rally

**Reg. No. 3,704,194** REPUBLIC OF TEXAS BIKER RALLY, INC. (TEXAS CORPORATION)

Registered Nov. 3, 2009   2516 SARATOGA DIVE
AUSTIN, TX 78733

**Int. Cls.: 26, 35 and 41** FOR: CLOTHING ACCESSORIES, NAMELY, CLOTH PATCHES FOR CLOTHING, ORNA-
MENTAL NOVELTY PINS AND PIN HANGERS, AND BELT BUCKLES , IN CLASS 26 (U.S.
CLS. 37, 39, 40, 42 AND 50).

**TRADEMARK**
**SERVICE MARK** FIRST USE 6-1-1999, IN COMMERCE 6-1-1999.
**PRINCIPAL REGISTER**

FOR: ADVERTISING AND PUBLICITY SERVICES, NAMELY, PROMOTING THE GOODS,
SERVICES, BRAND IDENTITY AND COMMERCIAL INFORMATION AND NEWS OF THIRD
PARTIES THROUGH PRINT, AUDIO, VIDEO, DIGITAL AND ON-LINE MEDIUM AND
PROMOTING MOTORCYCLE RALLIES AND CONFERENCES, EVENTS, FESTIVALS AND
SEMINARS RELATED TO MOTORCYCLES, MOTORCYCLE RIDING, MOTORCYCLE
CONSTRUCTION, MAINTENANCE AND REPAIR, AND MOTORCYCLE LIFESTYLES, IN
CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 5-30-2003, IN COMMERCE 5-30-2003.

FOR: PUBLISHING, PUBLICATION AND EDITING OF ELECTRONIC AND MULTIMEDIA
PUBLICATIONS IN THE FIELD OF MOTORCYCLES, MOTORCYCLE RIDING, MOTOR-
CYCLE CONSTRUCTION, MAINTENANCE AND REPAIR, MOTORCYCLE LIFESTYLES
AND MOTORCYCLE RALLIES, CONFERENCES, EVENTS, FESTIVALS AND SEMINARS,
IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-30-2003, IN COMMERCE 5-30-2003.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RALLY", APART FROM THE
MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-530,486, FILED 7-24-2008.

GRETTA YAO, EXAMINING ATTORNEY

*David J. Kappos*

Director of the United States Patent and Trademark Office

**EXHIBIT 3**

Int. Cls.: 25, 35 and 41

Prior U.S. Cls.: 22, 39, 100, 101, 102 and 107

**United States Patent and Trademark Office**

Reg. No. 3,678,565

Registered Sep. 8, 2009

TRADEMARK
SERVICE MARK
PRINCIPAL REGISTER

# ROT Rally

REPUBLIC OF TEXAS BIKER RALLY, INC. (TEXAS CORPORATION)
2816 SARATOGA DRIVE
AUSTIN, TX 78733

FOR: CLOTHING AND CLOTHING ACCESSORIES, NAMELY, T-SHIRTS, KNIT SHIRTS, TANK TOPS, HALTER TOPS, SHORTS, SKIRTS, HATS, CAPS, BEANIES, DO RAGS, BANDANAS, SWEATSHIRTS, JACKETS AND VESTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 12-1-2005; IN COMMERCE 12-1-2005.

FOR: ADVERTISING AND PUBLICITY SERVICES, NAMELY, PROMOTING THE GOODS, SERVICES, BRAND IDENTITY AND COMMERCIAL INFORMATION AND NEWS OF THIRD PARTIES THROUGH PRINT, AUDIO, VIDEO, DIGITAL AND ON-LINE MEDIUM, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-8-1998; IN COMMERCE 6-8-1998.

FOR: PUBLISHING, PUBLICATION AND EDITING OF ELECTRONIC MULTIMEDIA PUBLICA-

TIONS AND PRODUCTIONS FEATURING MOTORCYCLE RALLIES AND CONFERENCES, EVENTS, FESTIVALS AND SEMINARS RELATED TO MOTORCYCLES, MOTORCYCLE RIDING, MOTORCYCLE CONSTRUCTION, MAINTENANCE AND REPAIR, AND MOTORCYCLE LIFESTYLES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-8-1998; IN COMMERCE 6-8-1998.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "RALLY" , APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-530,017, FILED 7-23-2008.

GRETTA YAO, EXAMINING ATTORNEY

**EXHIBIT 4**

# United States of America
## United States Patent and Trademark Office

## R.O.T. Biker Rally

**Reg. No. 3,713,983**
Registered Nov. 24, 2009

REPUBLIC OF TEXAS BIKER RALLY, INC. (TEXAS CORPORATION)
2516 SARATOGA DRIVE
AUSTIN, TX 78733

**Int. Cls.: 26 and 41**

FOR: CLOTHING ACCESSORIES, NAMELY, CLOTH PATCHES FOR CLOTHING, ORNA-
MENTAL NOVELTY PINS AND PIN HANGERS, AND BELT BUCKLES, IN CLASS 26 (U.S.
CLS. 37, 39, 40, 42 AND 50).

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

FIRST USE 1-10-1998; IN COMMERCE 1-10-1998.

FOR: ENTERTAINMENT AND EDUCATIONAL SERVICES, NAMELY, ORGANIZING, AR-
RANGING AND CONDUCTING MOTORCYCLE RALLIES AND CONFERENCES, EVENTS,
FESTIVALS AND SEMINARS IN THE FIELDS OF MOTORCYCLES, MOTORCYCLE RIDING,
MOTORCYCLE CONSTRUCTION, MAINTENANCE AND REPAIR, AND MOTORCYCLE
LIFESTYLES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-10-1998; IN COMMERCE 1-10-1998.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BIKER RALLY", APART FROM
THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-529,921, FILED 7-23-2008.

GRETTA YAO, EXAMINING ATTORNEY





Director of the United States Patent and Trademark Office

84

## Exhibit 5

Int. Cls.: 25, 35 and 41

Prior U.S. Cls.: 22, 39, 100, 101, 102 and 107

**United States Patent and Trademark Office**

Reg. No. 3,671,828
Registered Aug. 25, 2009

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

# ROT Biker Rally

REPUBLIC OF TEXAS BIKER RALLY, INC. (TEXAS CORPORATION)
2505 SARATOGA DRIVE
AUSTIN, TX 78732

FOR: CLOTHING AND CLOTHING ACCESSORIES, NAMELY, T-SHIRTS, KNIT SHIRTS, TANK TOPS, HALTER TOPS, SHORTS, SKIRTS, HATS, CAPS, BEANIES, DO RAGS, BANDANAS, SWEATSHIRTS, JACKETS AND VESTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-00-1999; IN COMMERCE 1-00-1999.

FOR: ADVERTISING AND PUBLICITY SERVICES, NAMELY, PROMOTING THE GOODS, SERVICES, BRAND IDENTITY AND COMMERCIAL INFORMATION AND NEWS OF THIRD PARTIES THROUGH PRINT, AUDIO, VIDEO, DIGITAL AND ON-LINE MEDIUM AND PROMOTING MOTORCYCLE RALLIES AND CONFERENCES, EVENTS, FESTIVALS AND SEMINARS RELATED TO MOTORCYCLES, MOTORCYCLE RIDING, MOTORCYCLE CONSTRUCTION, MAINTENANCE AND REPAIR, AND MOTORCYCLE LIFESTYLES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-00-1999; IN COMMERCE 1-00-1999.

FOR: PUBLISHING, PUBLICATION AND EDITING OF ELECTRONIC AND MULTIMEDIA PUBLICATIONS IN THE FIELD OF MOTORCYCLES, MOTORCYCLE RIDING, MOTORCYCLE CONSTRUCTION, MAINTENANCE AND REPAIR, MOTORCYCLE LIFESTYLES AND MOTORCYCLE RALLIES, CONFERENCES, EVENTS, FESTIVALS AND SEMINARS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-00-1999; IN COMMERCE 1-00-1999.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "BIKER RALLY", APART FROM THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-528,960, FILED 7-23-2008.

GRETTA YAO, EXAMINING ATTORNEY

EXHIBIT 6

Int. Cls.: 25, 35 and 41

Prior U.S. Cls.: 22, 39, 100, 101, 102 and 107

## United States Patent and Trademark Office

Reg. No. 3,668,518

Registered Aug. 18, 2009

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

# Republic of Texas Biker Rally

REPUBLIC OF TEXAS BIKER RALLY, INC.
 (TEXAS CORPORATION)
2516 SARATOGA DRIVE
AUSTIN, TX 78732

FOR: CLOTHING AND CLOTHING ACCESSOR-
IES, NAMELY, T-SHIRTS, KNIT SHIRTS, TANK
TOPS, HALTER TOPS, SHORTS, SKIRTS, HATS,
CAPS, BEANIES, DO RAGS, BANDANAS, SWEAT-
SHIRTS, JACKETS AND VESTS, IN CLASS 25 (U.S.
CLS. 22 AND 39).

FIRST USE 10-29-1996; IN COMMERCE 1-10-1997.

FOR: ADVERTISING AND PUBLICITY SERVI-
CES, NAMELY, PROMOTING THE GOODS, SERVI-
CES, BRAND IDENTITY AND COMMERCIAL
INFORMATION AND NEWS OF THIRD PARTIES
THROUGH PRINT, AUDIO, VIDEO, DIGITAL AND
ON-LINE MEDIUM; PROMOTING MOTORCYCLE
RALLIES AND CONFERENCES, EVENTS, FESTI-
VALS AND SEMINARS IN THE FIELDS OF MO-
TORCYCLES, MOTORCYCLE RIDING,
MOTORCYCLE CONSTRUCTION, MAINTENANCE
AND REPAIR, AND MOTORCYCLE LIFESTYLES,
IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-29-1996; IN COMMERCE 1-10-1997.

FOR: ENTERTAINMENT AND EDUCATIONAL
SERVICES, NAMELY, ORGANIZING, ARRAN-
GING, AND CONDUCTING MOTORCYCLE RAL-
LIES AND CONFERENCES, EVENTS, FESTIVALS
AND SEMINARS IN THE FIELDS OF MOTOR-
CYCLES, MOTORCYCLE RIDING, MOTORCYCLE
CONSTRUCTION, MAINTENANCE AND REPAIR,
AND MOTORCYCLE LIFESTYLES, IN CLASS 41
(U.S. CLS. 100, 101 AND 107).

FIRST USE 10-29-1996; IN COMMERCE 1-10-1997.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "BIKER RALLY", APART FROM
THE MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-558,596, FILED 8-29-2008.

GRETTA YAO, EXAMINING ATTORNEY