UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REPUBLIC OF TEXAS BIKER RALLY, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL NO. 1:10-cv-00697 |
| BIKINIS BAR & GRILL, LLC, ET AL., | § § § | |
| Defendants. | § | |

BIKINIS DEFENDANTS'
SECOND AMENDED ANSWER SUBJECT TO THEIR MOTION TO DISMISS

The Bikinis Defendants[1] file this Second Amended Answer, subject to their Motion to Dismiss, in response to Plaintiff Republic of Texas Biker Rally, Inc.'s First Amended Complaint (as permitted by the Court's Scheduling Order) and would respectfully show the Court as follows:

**Parties**

1.     Bikinis Defendants admit that Plaintiff is a Texas corporation with its principal place of business in Austin, Texas, but otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the First Amended Complaint.

---

[1]     "Bikinis Defendants" refers to Defendants named in the original complaint, Bikinis Bar & Grill, LLC (now known as BSBG, LLC), Bikinis Bar & Grill – Austin, LLC (now known as Bikinis Sports Bar & Grill–Austin, LLC) , Bikinis Sports Bar & Grill 6th Street, LLC, Bikinis Sports Bar & Grill Franchising, LLC, Bikinis Promotions, LLC, Bikinis Real Estate, LLC; and to the following newly-added Bikinis-related parties: Bikinis Sports Bar & Grill–Arlington, LLC; Bikinis Sports Bar & Grill–Live Oak, LLC, Bikinis Sports Bar & Grill–San Antonio, LLC; Bikinis Sports Bar & Grill–San Marcos, LLC; The Parish–6th Street, LLC; Bikinis Sports Bar & Grill–Charlotte, LLC; and individuals, Doug Guller; Kevin Pearson; David Voorhees; and Paul Manfre (misspelled as "Manfire").  The Bikinis entities that own and operate the only two Bikinis' restaurants in Austin, Texas, where Plaintiff's motorcycle rally is held—i.e., Bikinis Sports Bar & Grill – Austin, LLC, and Bikinis Sports Bar & Grill 6th Street, LLC,–are sometimes referred to herein as "Bikinis Austin Restaurants."  All Bikinis entity defendants are sometimes referred to herein as "Bikinis Entities."

2.      Bikinis Defendants admit the allegations of paragraph 2 of the First Amended Complaint.

3.      Bikinis Defendants admit the allegations of paragraph 3 of the First Amended Complaint.

4.      Bikinis Defendants admit the allegations of paragraph 4 of the First Amended Complaint.

5.      Bikinis Defendants admit the allegations of paragraph 5 of the First Amended Complaint.

6.      Bikinis Defendants admit the allegations of paragraph 6 of the First Amended Complaint.

7.      Bikinis Defendants admit the allegations of paragraph 7 of the First Amended Complaint.

8.      Bikinis Defendants admit the allegations of paragraph 8 of the First Amended Complaint.

9.      Bikinis Defendants admit the allegations of paragraph 9 of the First Amended Complaint.

10.     Bikinis Defendants admit the allegations of paragraph 10 of the First Amended Complaint except the last sentence of paragraph 10 which is denied.

11.     Bikinis Defendants admit the allegations of paragraph 11 of the First Amended Complaint.

12.     Bikinis Defendants admit the allegations of paragraph 12 of the First Amended Complaint.

13.     Bikinis Defendants admit the allegations of paragraph 13 of the First Amended Complaint.

14.     Bikinis Defendants admit the allegations of paragraph 14 of the First Amended Complaint.

15.     Bikinis Defendants admit the allegations of paragraph 15 of the First Amended Complaint.

16.     Bikinis Defendants admit the allegations of paragraph 16 of the First Amended Complaint.

17.     Bikinis Defendants admit the allegations of paragraph 17 of the First Amended Complaint.

18.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 18 of the First Amended Complaint.

19.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 19 of the First Amended Complaint.

20.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 20 of the First Amended Complaint.

21.     Bikinis Defendants admit the allegations of paragraph 20 of the First Amended Complaint.

22.     Bikinis Defendants deny the allegations of paragraph 22 of the First Amended Complaint except they admit the allegations regarding information that actually appears on the website at www.bikinissportbarandrestaurant.com and that some of them operate under the name "Bikinis Sports Bar & Grill."

23.     Bikinis Defendants deny the allegations of paragraph 23 of the First Amended Complaint except they admit:  that some of the Bikini Defendants use offices located at 1201 Tinnin Road; that Defendant Guller maintains a residence at 3506 Mt. Bonnell Road; that Guller owns a condo on 7th Street; the truth of any information which they have provided to the Texas Secretary of State except to the extent some addresses may require updating; that Guller is, directly or indirectly, the "owner" of the Bikinis "chain," Beale Street Tavern, and the Parish; and deny that Guller is the "alter ego" of any of the Bikinis Entities or that any of the Bikinis Entities are the alter egos of any other Bikinis Entities.

24.     Bikinis Defendants deny the allegations of paragraph 24 of the First Amended Complaint.

25.     Bikinis Defendants admit that Guller, Pearson, Voorhees, and Manfre have been employees or officers of some of the Bikinis Defendants but otherwise deny the allegations of paragraph 25 of the First Amended Complaint.

26.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 26 of the First Amended Complaint except that Bikinis Defendants deny that they directed or instructed any non-Bikinis persons or entities with regard to any wrongful conduct.

### Jurisdiction and Venue

27.     Bikinis Defendants admit the allegations of paragraph 27 of the First Amended Complaint.

28.     Bikinis Defendants admit the allegations of paragraph 28 of the First Amended Complaint.

29.     Bikinis Defendants admit the allegations of paragraph 29 of the First Amended Complaint.

30.     Bikinis Defendants admit the allegations of paragraph 30 of the First Amended Complaint.

## Nature of the Claims

31.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 31 of the First Amended Complaint.

32.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 32 of the First Amended Complaint except they deny Plaintiff is entitled to any relief.

33.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 33 of the First Amended Complaint.

34.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 34 of the First Amended Complaint.

35.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 35 of the First Amended Complaint except they deny the last sentence of paragraph 35.

36.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 of the First Amended Complaint, except the public records of the United States Patent & Trademark Office speak for themselves and to the extent Plaintiff pleads inconsistently with such records, such allegations are denied.

37.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 37 of the First Amended Complaint except the public records of the United States Patent & Trademark Office speak for themselves and to the extent Republic pleads inconsistently with such records, such allegations are denied.

38.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 38 of the First Amended Complaint except the public records of the United States Patent & Trademark Office speak for themselves and to the extent Plaintiff pleads inconsistently with such records, such allegations are denied.

39.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 39 of the First Amended Complaint except the public records of the United States Patent & Trademark Office speak for themselves and to the extent Plaintiff pleads inconsistently with such records, such allegations are denied.

40.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 40 of the First Amended Complaint except the public records of the United States Patent & Trademark Office speak for themselves and to the extent Plaintiff pleads inconsistently with such records, such allegations are denied.

41.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 41 of the First Amended Complaint except Bikini Defendants deny the last sentence in paragraph 41.

42.     Bikinis Defendants deny the allegations of paragraph 42 of the First Amended Complaint.

43.     Bikinis Defendants deny the allegations of paragraph 43 of the First Amended Complaint.

44.     Bikinis Defendants deny the allegations of paragraph 44 of the First Amended Complaint.

45.     Bikinis Defendants deny the allegations of paragraph 45 of the First Amended Complaint.

46.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 46 of the First Amended Complaint.

47.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 47 of the First Amended Complaint.

48.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 48 of the First Amended Complaint.

49.     Bikinis Defendants deny the allegations of paragraph 49 of the First Amended Complaint.

50.     Bikinis Defendants deny the allegations of paragraph 50 of the First Amended Complaint.

51.     Bikinis Defendants deny the allegations of paragraph 51 of the First Amended Complaint.

52.     Bikinis Defendants deny the allegations of paragraph 52 of the First Amended Complaint.

53.     Bikinis Defendants deny the allegations of paragraph 53 of the First Amended Complaint.

54.     Bikinis Defendants deny the allegations of paragraph 54 of the First Amended Complaint.

55.     Bikinis Defendants deny the allegations of paragraph 55 of the First Amended Complaint.

56.     Bikinis Defendants deny the allegations of paragraph 56 of the First Amended Complaint.

57.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 57 of the First Amended Complaint.

58.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 58 of the First Amended Complaint.

59.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 59 of the First Amended Complaint.

60.     Bikinis Defendants deny the allegations of paragraph 60 of the First Amended Complaint.

61.     Bikinis Defendants deny the allegations of paragraph 61 of the First Amended Complaint.

62.     Bikinis Defendants deny the allegations of paragraph 62 of the First Amended Complaint.

63.     Bikinis Defendants deny the allegations of paragraph 63 of the First Amended Complaint.

64.     Bikinis Defendants admit the allegations of paragraph 64 of the First Amended Complaint.

65.     Bikinis Defendants admit the allegations of paragraph 65 of the First Amended Complaint.

66.     Bikinis Defendants admit the allegations of paragraph 66 of the First Amended Complaint except deny the allegations in the last sentence of paragraph 66.

67.     Bikinis Defendants deny the allegations of paragraph 67 of the First Amended Complaint.

68.     Bikinis Defendants deny the allegations of paragraph 68 of the First Amended Complaint except to the extent that they admit an ad was placed.

69.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 69 of the First Amended Complaint and in any event the document referenced speaks for itself.

70.     Bikinis Defendants lack knowledge or information sufficient to form a belief about the truth the allegations of paragraph 70 of the First Amended Complaint and in any event the document referenced speaks for itself.

71.     Bikinis Defendants deny the allegations of paragraph 71 of the First Amended Complaint except they admit an ad was purchased and the document referenced in paragraph 71 speaks for itself.

72.     Bikinis Defendants deny the allegations of paragraph 72 of the First Amended Complaint except they admit an ad was purchased and the document referenced in paragraph 71 speaks for itself.

73.     Bikinis Defendants deny the allegations of paragraph 73 of the First Amended Complaint except they admit that they held events called "Bike Nites" which were held and coordinated

mainly with entities and persons other than Plaintiff (they were not "set up" by Plaintiff).  In fact, such "Bike Nites" had been arranged by some of the Bikini Defendants prior to any association with Plaintiff.

74.    Bikinis Defendants deny the allegations of paragraph 74 of the First Amended Complaint, except they admit that no Bikinis Defendants purchased any ads after 2007 in connection with Plaintiff.

75.    Bikinis Defendants deny the allegations of paragraph 75 of the First Amended Complaint.

76.    Bikinis Defendants deny the allegations of paragraph 76 of the First Amended Complaint.

77.    Bikinis Defendants deny the allegations of paragraph 77 of the First Amended Complaint except admit that in 2010, Bikinis Sports Bar & Grill–Austin, LLC ("Bikinis–North Austin"), created a poster that referenced the Plaintiff's motorcycle event as an Austin happening and prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; but deny that such activity was wrongful or violated any applicable law.

78.    Bikinis Defendants deny the allegations of paragraph 78 of the First Amended Complaint except admit that in 2010, Bikinis–North Austin and Bikinis Sports Bar & Grill–6th Street ("Bikinis–6th Street") created one poster that referenced Plaintiff's motorcycle event as an Austin happening and prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; but deny that such activity was wrongful or violated any applicable law.

79.     Bikinis Defendants deny the allegations of paragraph 79 of the First Amended Complaint except admit that "Bikinis" is a protected trademark and that the t-shirts, posters and handbills referencing Plaintiff's motorcycle event as an Austin happening all prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced.

80.     Bikinis Defendants deny the allegations of paragraph 80 of the First Amended Complaint except admit that: in 2007, Bikinis–North Austin sold or handed out T-shirts that referenced the Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; in 2008, Bikinis–North Austin sold or handed out T-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; in 2009, Bikinis–North Austin sold or handed out T-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; and in 2010, Bikinis–North Austin and Bikinis–6th Street sold t-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that  prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; but deny that such activity was wrongful or violated any applicable law.

81.     Bikinis Defendants deny the allegations of paragraph 81 of the First Amended Complaint except admit that: in 2007, Bikinis–North Austin sold or handed out T-shirts that referenced the Plaintiff's motorcycle event as an Austin happening and that prominently featured

"Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; in 2008, Bikinis–North Austin sold or handed out T-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; in 2009, Bikinis–North Austin sold or handed out T-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; and in 2010, Bikinis–North Austin and Bikinis–6th Street sold t-shirts and tank tops that referenced Plaintiff's motorcycle event as an Austin happening and that  prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced; but deny that such activity was wrongful or violated any applicable law.  Copies of t-shirts may have been posted briefly on Bikinis' website, but no such T-shirts as alleged were sold through such site.  Unsold t-shirts and tank tops were given away to customers or employees.

82.    Bikinis Defendants deny the allegations of paragraph 82 of the First Amended Complaint.

83.     Bikinis Defendants deny the allegations of paragraph 83 of the First Amended Complaint.

84.     Bikinis Defendants deny the allegations of paragraph 84 of the First Amended Complaint [first numbered 84], except they admit that the receipt in question speaks for itself and was used only at the Bikinis–North Austin and Bikinis–6th Street locations.  Bikinis Defendants deny the allegations of paragraph 84 of the First Amended Complaint [second numbered 84], and say that none of them ever had any intention of usurping or trading upon Plaintiff's goodwill.

85.     Bikinis Defendants deny the allegations of paragraph 85 of the First Amended Complaint.

86.     Bikinis Defendants deny the allegations of paragraph 86 of the First Amended Complaint and say that no references to Plaintiff's motorcycle event as an Austin happening were intended to confuse consumers in any way and that in every instance of Bikinis–North Austin's and Bikinis–6th Street's references to Plaintiff's motorcycle event, they prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced.

87.     Bikinis Defendants deny the allegations of paragraph 87 of the First Amended Complaint except they admit that Soul-to-Soul provided services to some of the Bikini Defendants in locating and placing musical acts and bands.  The images in paragraph 87 are illegible and no response is necessary.

88.     Bikinis Defendants deny the allegations of paragraph 88 of the First Amended Complaint.

89.     Bikinis Defendants deny the allegations of paragraph 89 of the First Amended Complaint.

90.     Bikinis Defendants deny the allegations of paragraph 90 of the First Amended Complaint.  Bikinis Defendants further answer saying that the first notice they had that Plaintiff objected to any of Bikinis–North Austin's or Bikinis–6th Street's references to Plaintiff motorcycle event was when they were served with the original complaint.  Plaintiff gave absolutely no prior notice of its objections.  Had Plaintiff done so, Bikinis–North Austin and Bikinis–6th Street would have immediately refrained from any further objectionable reference to Plaintiff's motorcycle event—and, of

course, now that they are aware of Plaintiff's objections, have made no further references, and will make no further references, to Plaintiff's motorcycle event without Plaintiff's consent or unless otherwise permitted by applicable law.

91.     Bikinis Defendants deny the allegations of paragraph 91 of the First Amended Complaint.  On the contrary, Bikinis Defendants say that "Bikinis" events actually support Plaintiff's motorcycle event as an Austin happening and provide a strong incentive to persons to come to Austin and participate in Plaintiff's event and other amenities Austin has to offer.

92.     Bikinis Defendants deny the allegations of paragraph 92 of the First Amended Complaint.

93.     Bikinis Defendants deny the allegations of paragraph 93 of the First Amended Complaint.

94.     Bikinis Defendants deny the allegations of paragraph 94 of the First Amended Complaint.

95.     Bikinis Defendants deny the allegations of paragraph 95 of the First Amended Complaint.

96.     Bikinis Defendants deny the allegations of paragraph 96 of the First Amended Complaint.

97.     Bikinis Defendants deny the allegations of paragraph 97 of the First Amended Complaint.

98.     Bikinis Defendants deny the allegations of paragraph 98 of the First Amended Complaint.

99.     Bikinis Defendants deny the allegations of paragraph 99 of the First Amended Complaint.

## Count I

100.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

101.    Bikinis Defendants deny the allegations of paragraph 101 of the First Amended Complaint.

102.    Bikinis Defendants deny the allegations of paragraph 102 of the First Amended Complaint.

103.    Bikinis Defendants deny the allegations of paragraph 103 of the First Amended Complaint.

104.    Bikinis Defendants deny the allegations of paragraph 104 of the First Amended Complaint.

## Count II

105.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

106.    Bikinis Defendants deny the allegations of paragraph 106 of the First Amended Complaint.

107.    Bikinis Defendants deny the allegations of paragraph 107 of the First Amended Complaint.

108.    Bikinis Defendants deny the allegations of paragraph 108 of the First Amended Complaint.

109.    Bikinis Defendants deny the allegations of paragraph 109 of the First Amended Complaint except admit that: in 2008, Bikinis–North Austin sold or handed out T-shirts and tank tops

that referenced Plaintiff's motorcycle event as an Austin happening and that prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced.  Unsold t-shirts and tank tops were given away to customers or employees.

110.    Bikinis Defendants deny the allegations of paragraph 110 of the First Amended Complaint.

111.    Bikinis Defendants deny the allegations of paragraph 111 of the First Amended Complaint.

112.    Bikinis Defendants deny the allegations of paragraph 112 of the First Amended Complaint and say that no references to Plaintiff's motorcycle event as an Austin happening were intended to confuse consumers in any way and that in every instance of Bikinis–North Austin's and Bikinis–6th Street's references to Plaintiff's motorcycle event, they prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced.

113.    Bikinis Defendants deny the allegations of paragraph 113 of the First Amended Complaint.

114.    Bikinis Defendants deny the allegations of paragraph 114 of the First Amended Complaint.

115.    Bikinis Defendants deny the allegations of paragraph 115 of the First Amended Complaint.

**Count III**

116.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

117.    Bikinis Defendants deny the allegations of paragraph 117 of the First Amended Complaint.

118.    Bikinis Defendants deny the allegations of paragraph 118 of the First Amended Complaint.

119.    Bikinis Defendants deny the allegations of paragraph 119 of the First Amended Complaint.

120.    Bikinis Defendants deny the allegations of paragraph 120 of the First Amended Complaint.

121.    Bikinis Defendants deny the allegations of paragraph 121 of the First Amended Complaint.

122.    Bikinis Defendants deny the allegations of paragraph 122 of the First Amended Complaint.

123.    Bikinis Defendants deny the allegations of paragraph 123 of the First Amended Complaint.

**Count IV**

124.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

125.    Bikinis Defendants deny the allegations of paragraph 125 of the First Amended Complaint.

126.    Bikinis Defendants deny the allegations of paragraph 126 of the First Amended Complaint.

127.    Bikinis Defendants deny the allegations of paragraph 127 of the First Amended Complaint.

128.    Bikinis Defendants deny the allegations of paragraph 128 of the First Amended Complaint.

129.    Bikinis Defendants deny the allegations of paragraph 129 of the First Amended Complaint.

130.    Bikinis Defendants deny the allegations of paragraph 130 of the First Amended Complaint.

## Count V

131.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

132.    Bikinis Defendants deny the allegations of paragraph 132 of the First Amended Complaint.

133.    Bikinis Defendants deny the allegations of paragraph 133 of the First Amended Complaint.

134.    Bikinis Defendants deny the allegations of paragraph 134 of the First Amended Complaint.

135.    Bikinis Defendants deny the allegations of paragraph 135 of the First Amended Complaint.

## Count VI

136.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

137.    Bikinis Defendants deny the allegations of paragraph 137 of the First Amended Complaint.

138.    Bikinis Defendants deny the allegations of paragraph 138 of the First Amended Complaint.

139.   Bikinis Defendants deny the allegations of paragraph 139 of the First Amended Complaint.

## Count VII

[138 repeated].  Bikinis Defendants incorporate their responses as alleged above into this paragraph.

[139 repeated].   Bikinis Defendants deny the allegations of paragraph 139 of the First Amended Complaint.

140.   Bikinis Defendants deny the allegations of paragraph 140 of the First Amended Complaint.

141.   Bikinis Defendants deny the allegations of paragraph 141 of the First Amended Complaint.

142.   Bikinis Defendants deny the allegations of paragraph 142 of the First Amended Complaint and say that no references to Plaintiff's motorcycle event as an Austin happening were intended to confuse consumers in any way and that in every instance of Bikinis–North Austin's and Bikinis-6th Street's references to Plaintiff's motorcycle event, they prominently featured "Bikinis" own identifier, clearly showing that Bikinis was the company responsible for such items and events referenced.

143.   Bikinis Defendants deny the allegations of paragraph 143 of the First Amended Complaint.

144.   Bikinis Defendants deny the allegations of paragraph 144 of the First Amended Complaint.

145.    Bikinis Defendants deny the allegations of paragraph 145 of the First Amended Complaint.

146.    Bikinis Defendants deny the allegations of paragraph 146 of the First Amended Complaint.  On the contrary, Bikinis Defendants say that "Bikinis" events actually support Plaintiff's motorcycle event as an Austin happening and provide a strong incentive to persons to come to Austin and participate in Plaintiff's event and other amenities Austin has to offer.

147.

148.    Bikinis Defendants deny the allegations of paragraph 147 of the First Amended Complaint.

149.    Bikinis Defendants deny the allegations of paragraph 148 of the First Amended Complaint.

150.    Bikinis Defendants deny the allegations of paragraph 149 of the First Amended Complaint.

151.    Bikinis Defendants deny the allegations of paragraph 150 of the First Amended Complaint.

152.    Bikinis Defendants deny the allegations of paragraph 151 of the First Amended Complaint.

153.    Bikinis Defendants deny the allegations of paragraph 152 of the First Amended Complaint.

154.    Bikinis Defendants deny the allegations of paragraph 153 of the First Amended Complaint.

155.    Bikinis Defendants deny the allegations of paragraph 154 of the First Amended Complaint.

156.    Bikinis Defendants deny the allegations of paragraph 155 of the First Amended Complaint.

157.    Bikinis Defendants deny the allegations of paragraph 156 of the First Amended Complaint.

158.    Bikinis Defendants deny the allegations of paragraph 157 of the First Amended Complaint.

159.    Bikinis Defendants deny the allegations of paragraph 158 of the First Amended Complaint.

## Count VIII

160.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

161.    Bikinis Defendants deny the allegations of paragraph 160 of the First Amended Complaint.

162.    Bikinis Defendants deny the allegations of paragraph 161 of the First Amended Complaint.

## Count IX

[160 repeated].  Bikinis Defendants incorporate their responses as alleged above into this paragraph.

[161 repeated].    Bikinis Defendants deny the allegations of paragraph 161 of the First Amended Complaint.

163.    Bikinis Defendants deny the allegations of paragraph 162 of the First Amended Complaint.

## Count X

164.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

165.    Bikinis Defendants deny the allegations of paragraph 164 of the First Amended Complaint.

166.    Bikinis Defendants deny the allegations of paragraph 165 of the First Amended Complaint.

## Count XI

167.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

168.    Bikinis Defendants deny the allegations of paragraph 167 of the First Amended Complaint.

169.    Bikinis Defendants deny the allegations of paragraph 168 of the First Amended Complaint.

170.    Bikinis Defendants deny the allegations of paragraph 169 of the First Amended Complaint.

171.    Bikinis Defendants deny the allegations of paragraph 170 of the First Amended Complaint.

172.    Bikinis Defendants deny the allegations of paragraph 171 of the First Amended Complaint.

173.    Bikinis Defendants deny the allegations of paragraph 172 of the First Amended Complaint.

**Count XII**

174.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

175.    Bikinis Defendants deny the allegations of paragraph 174 of the First Amended Complaint.

176.    Bikinis Defendants deny the allegations of paragraph 175 of the First Amended Complaint.

**Count XIII**

177.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

178.    Bikinis Defendants deny the allegations of paragraph 177 of the First Amended Complaint.

179.    Bikinis Defendants deny the allegations of paragraph 178 of the First Amended Complaint.

180.    Bikinis Defendants deny the allegations of paragraph 179 of the First Amended Complaint.

**Count XIV**

181.    Bikinis Defendants incorporate their responses as alleged above into this paragraph.

182.    Bikinis Defendants deny the allegations of paragraph 181 of the First Amended Complaint.

183.    To the extent any specific allegations of the First Amended Complaint have not been expressly responded to above, such allegations are denied.

## II.  ADDITIONAL OR AFFIRMATIVE DEFENSES

1.    Bikinis Defendants assert the following additional or affirmative defenses.   By including such defenses in this Part II of their Amended Answer, Bikinis Defendants do not assume

the burden of persuasion with respect to any such defenses that is not imposed on Defendants by applicable law.   Bikinis Defendants reallege and incorporate in this Section II by reference the allegations, denials and averments in the foregoing Paragraphs 1 – 182.   Each Additional Defense also relies upon and incorporates the allegations and averments in each other Additional Defense.

<u>**First Defense (Failure to State a Claim)**</u>

2.   For the reasons stated in Bikinis Defendants' Motion to Dismiss, the Complaint fails to state a claim upon which relief may be granted—viz. that

   a.   There can be no counterfeiting under the Lanham Act or the Trademark Counterfeiting Act because the Complaint affirmatively shows that Bikinis' own trademarks were always prominently displayed on the goods and services in question.

   b.   Because under both the Lanham Act and the Trademark Counterfeiting Act only registered trademarks can be counterfeited, Plaintiff cannot state a claim for counterfeiting before its registrations were effective or with respect to its "common law trademarks."

   c.   The Complaint fails to allege its goods and services always included the statutory notice or, alternatively, that Bikinis Defendants had actual notice of Plaintiff's trademark registrations.

   d.   The Complaint does not plausibly allege involvement in trademark infringement by Bikinis Entities other than Bikinis Austin Restaurants (and especially with respect to Defendant, Bikinis Sports Bar & Grill—Arlington, LLC, which was not formed until February 2011.

   e.   The Complaint fails to sufficiently plead a RICO "enterprise."

   f.   The Complaint fails to sufficiently plead a "pattern of racketeering activity."

### Second Defense (Nominative, Fair or Nontrademark Use)

3.      In most, if not all, instances in which Bikinis Defendants employed Plaintiff's names or trademarks, such uses were nontrademark, descriptive or merely nominative and, therefore, cannot constitute trademark infringement.  The only practical way to refer to Plaintiff's motorcycle rally is to use its name, which also constitute its trademarks.  Bikinis Defendants' use of Plaintiff's name and trademarks was in good faith in order to refer to Plaintiff's motorcycle rally (to commemorate the presence in Austin, Texas, of numerous motorcyclists) and not done in an attempt to trade on Plaintiff's goodwill.

### Third Defense (Statutory "Fair Use" Defense)

4.      Bikinis Defendants' use of Plaintiff's name and trademarks was such that Bikinis Defendants are entitled to the statutory "fair use" defense under 15 U.S.C. § 1115(b)(4) because Bikinis Defendants' use Plaintiff's name and trademarks was (a) other than as a trademark, (b) fair and in good faith, and (c) only to describe certain of Bikinis Defendants' own goods and services and to commemorate the presence in Austin, Texas, of numerous motorcyclists.

### Fourth Defense (Limitation on Damages)

5.      Because Plaintiff failed to consistently display on its goods or services the statutory notice of its trademark registrations, and because Plaintiff cannot prove that Bikinis Defendants had actual notice of such registrations (and Bikinis Defendants deny any actual notice), it is precluded from recovering damages or profits for infringement under the Lanham Act.  Further, Bikinis Defendants allege that before filing this action, Plaintiff never objected to any uses of its name or trademarks by Bikinis Defendants and never requested or demanded that Bikinis Defendants cease and desist from any such uses.

## Fifth Defense (Abandonment or "Naked License")

6.      A trademark owner such as Plaintiff has a duty to actively oversee the quality of any person's use of its trademarks that is authorized by Plaintiff.  A failure to do so (sometimes referred to as "naked licensing") is a fraud on the public and unlawful.  Plaintiff has authorized third parties to use its name and trademarks without exercising any control of the quality of the goods or services with respect to which its name and trademarks are used.  As a result, Plaintiff is deemed to have involuntarily abandoned its trademarks.  Accordingly, Plaintiff may not assert trademark infringement or other claims predicated on its exclusive right to use such trademarks.

## Sixth Defense (Failure to Mitigate)

7.      Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its claim through good faith and fair dealing, honest business practices, and clear and reasonable communication and other means.

## Seventh Defense (Acquiescence)

8.      Plaintiff's claims are barred by the defense of acquiescence.  Plaintiff had knowledge of Bikinis Defendants' use of Plaintiff's name and trademarks well before the filing of this action, and yet permitted Bikinis Defendants to continue to believe (in reliance on Plaintiff's action and lack of action) that its uses were not objected to by Plaintiff or otherwise improper.  Plaintiff's delay in assert its claims was unreasonable and not excusable, and such delay caused Bikinis Defendants undue prejudice.

## Eighth Defense (Estoppel)

9.      Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

## Ninth Defense (Laches)

10.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

<u>**Tenth Defense (Innocent, Good Faith Intent)**</u>

11.     Plaintiff's claims or damages, if any, are limited by Defendants' innocent and good faith intent.

<u>**Eleventh Defense (Unclean Hands)**</u>

12.     Plaintiff's claims or damages, if any, are barred or limited by Plaintiff's unclean hands.

WHEREFORE, Bikinis Defendants pray for judgment that upon final trial hereof, Plaintiff take nothing by its claims and for such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Paul D. Schoonover*
Paul D. Schoonover
State Bar No. 17806500
paul@klbf.com
Stephen L. Baskind
State Bar No. 01875600
sbaskind@klbf.com

KLEIMAN LAWRENCE BASKIND FITZGERALD, LLP
8350 N. Central Expressway, Suite 650
Dallas, Texas 75206
(214) 712-4470
(214) 265-7411 (fax)

and

Mitchell D. Savrick
State Bar No. 17692200
David A. Buono II
State Bar No. 24001806

Savrick, Schumann, Johnson, McGarr,
 Kaminski & Shirley
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
Phone: (512) 347-1604
Fax: (512) 347-1676

**ATTORNEYS FOR BIKINIS DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 7, 2011, a true and correct copy of the foregoing was served on all counsel via the Court's ECF notification system.

*/s/ Paul D. Schoonover*
Paul D. Schoonover