UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REPUBLIC OF TEXAS BIKER RALLY, INC., | § | |
|     PLAINTIFF, | § | |
| VS. | § | |
| | § | CASE NO. A-10-697-SS |
| BIKINIS BAR & GRILL, LLC, | § | |
| BIKINIS BAR & GRILL - AUSTIN, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL – 6TH STREET, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL FRANCHISING, LLC, | § | |
| BIKINIS PROMOTIONS, LLC, AND | § | |
| BIKINIS REAL ESTATE, LLC, | § | |
|     DEFENDANTS. | § | |

## Plaintiff Republic's Motion to Strike the Bikinis Defendants' Third Amended Answer's 1st, 5th, 6th and 8th - 12th Affirmative Defenses

Plaintiff Republic of Texas Biker Rally, Inc. ("Republic") asks this Court to enter an order under Fed. Rule Civ. P. 12(f) striking the 1st, 5th, 6th, and 8th - 12th affirmative defenses pled in the Bikinis Defendants' Third Amended Answer [Dkt. No. 25]. Each of these "boilerplate" defenses—which lack supporting allegations—fall far short of federal pleading standards for affirmative defenses.[1] Accordingly, as done in the analogous *Cosmetic Warriors* and *CTF Development* trademark cases,[2] these identified affirmative defenses should be stricken, which will assist in streamlining this case for trial.

---

[1] *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (holding that the pleading requirements for affirmative defenses match those applicable to a plaintiff's complaint); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (requiring under Rule 8 that a litigant plead enough facts to state a claim to relief (or a defense) that is "plausible on its face" so the opponent has proper notice of the grounds on which it rests).

[2] *Cosmetic Warriors Ltd. v. Lush Boutique, LLC*, No. 09-6381, 2010 WL 481229, at *1 (E.D. La. Feb. 1, 2010) (citing *Woodfield*, 193 F.3d at 362) (Order attached as Exhibit 1); *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429-WHA, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009) (Order attached as Exhibit 2).

## Discussion

This case primarily concerns **trademark infringement and counterfeiting** under 15 U.S.C. §§ 1114, 1117 and 1125 (and related state law claims) and **trafficking in counterfeit goods** under 18 U.S.C. §§ 1962(c), 1962(d) and 2320 based upon the Bikinis Defendants' knowing, extensive, repeated, unauthorized, verbatim use for their own commercial gain of Republic's famous federally-registered ROT RALLY® and ROT BIKER RALLY® trademarks and of Republic's other common law marks and logos.[3]

As explained in Republic's pending motion for partial summary judgment,[4] the photos in Republic's complaint coupled with the Bikinis Defendants' own admissions conclusively prove that the Bikinis Defendants counterfeited and infringed Republic's trademarks and trafficked in counterfeit goods and services by selling counterfeit merchandise bearing Republic's marks and by promoting and producing counterfeit festivals under Republic's registered marks.[5]  A few of the counterfeit items and promotional materials that the Bikinis Defendants have admitted to creating in reference to Republic's legitimate REPUBLIC OF TEXAS BIKER RALLY® festival are shown below:

---

[3] U.S. Reg. Nos. 3,678,565 and 3,671,828 [Dkt. nos. 27-2 and 27-3], attached as Exs. 2 – 3 to Republic's Second Amended Complaint [Dkt. No 27], for the "word marks" ROT RALLY® and ROT BIKER RALLY®.

[4] *See* Plaintiff Republic's Motion for Partial Summary Judgment on the Bikinis Defendants' 2nd and 3rd Affirmative Defenses (Fair Use and Nominative Use) [Dkt. no. 28], incorporated herein by reference.

[5] The Bikinis Defendants' sales and dispositions of goods and services under Republic's registered marks are within the Fifth Circuit's definition of "trafficking."  *U.S. v. Sultan*, 115 F.3d 321, 325 (5th Cir. 1997).

   

   

   

  

---

6 Second Amended Complaint [Dkt. no. 27] at ¶¶ 80 (Figs 6(a) – 13), 86, 87 and 108.  *See also* Bikinis

Unfortunately, rather than concede the obvious, in an effort to defer a liability determination the Bikinis Defendants have instead interposed a slew of wholly inapplicable, boiler-plate affirmative defenses that unnecessarily drive up the cost of this action.  Seven of these defective defenses are the subject of this motion.

## Discussion

Under Rule 12(f), district courts may strike from a pleading any insufficient defense that is redundant, immaterial, or impertinent.  Here, the Bikinis Defendants' Third Amended Answer's 5th, 6th, and 8th - 12th affirmative defenses should be struck under Fed. Rule Civ. P. 12(f) for failing to meet federal pleading standards and its 1st "affirmative defense" should be struck because it has already been considered and rejected by this Court.

### I.      The Bikinis Defendants' 1st Defense for "failure to state a claim" should be struck because it has already been rejected by this Court.

This Court may swiftly dispose of the Bikinis Defendants' 1st asserted defense, which is premised upon Republic's complaint's supposed "failure to state a claim."[7]  This asserted defense is an obvious rehashing of the Bikinis Defendants' previously filed

---

Defendants' RFA Resp. nos. 1, 5 and 9 and Interrog. Resp. no. 5 at [Dkt. no. 28-4], Ex. 2-A, pp. 4-6 and 9) (admitting to the creation of each complained-of items); Bikinis Defendants' Third Amended Answer [Dkt. no. 25] at ¶¶ 77, 78, 80, 81 and 109 (stating that the Bikinis Defendants use of the terms "ROT Rally" and "ROT Biker Rally" on t-shirts, tank-tops, handbills, posters and signage was meant to "reference[] the Plaintiff's motorcycle event as an Austin happening"); and Bikinis Defendants' First Amended Answer [Dkt. no. 16] at ¶¶ 77 ("[The] Bikinis Defendants . . . <u>admit</u> that over the years after 2007, <u>they created</u> one or two posters, one handbill, and four versions of t-shirts that referenced [Republic's] rally").

[7] *See* Bikinis Defendants' Third Amended Answer [Dkt. No. 25] at p. 24 (excerpts attached as <u>Exhibit 3</u>). Notably, an alleged failure to state a cause of action is not actually an affirmative defense.  *See, e.g., Energetic Sys. v. Kayser*, 1986 U.S. Dist. LEXIS 22681 (N.D. Ill. 1986).

*Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted* [Dkt no. 15],

which this Court has already considered and specifically rejected in two orders.[8]  Because

the Court has already rejected this alleged defense, it should be stricken.[9]

## II.    The Bikinis Defendants' 5th, 6th and 8th - 12th affirmative defenses should be struck as inadequate under the Supreme Court's *Twombly* pleading standards.

An affirmative defense[10] is insufficient as a matter of law if it fails to meet the

general pleading standards of Rule 8, which requires a short and plain statement as to

each defense.[11]  The Supreme Court recently clarified that under Rule 8's federal pleading

standard, a pleading is required to offer more than mere "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action.[12]  Consequently, "[t]hreadbare

recitals ... supported by mere conclusory statements, will not suffice"[13] and "[f]actual

---

[8] *See* Order dated 4/08/11 [Dkt. no. 23] and Order dated 4/29/11 [Dkt. no. 26] (both denying the Bikinis Defendants' Motion to Dismiss for Failure to State a Claim upon which Relief may be Granted [Dkt no. 15].

[9] *See Prakash v. Pulsent Corp. Employee Long Term Disability Plan*, 2008 WL 3905445, at *2 (N.D. Cal. Aug. 20, 2008) (striking affirmative defense as legally insufficient where the court had previously rejected the exact argument in ruling on a motion to dismiss); *Modern Creative Servs., Inc. v. Dell Inc.*, 2008 WL 305747, at *3-4 (D.N.J. Jan. 28, 2008) (striking affirmative defenses where the court had already addressed and rejected the same arguments in the context of a motion to dismiss).

[10]  An affirmative defense is defined as: "A defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true."  *See United States v. Portillo-Madrid*, 2008 WL 4183915, at *1 n.1 (10th Cir. Sept. 12, 2008.)  Accordingly, each one of the Bikinis Defendants' defenses cited herein constitutes an affirmative defense.  *See* Ex. 3.

[11] *See* Fed. Rule Civ. P. 8; *Voter Verified Inc. v. Election Sys. & Software*, 2010 U.S. Dist. LEXIS 63679, at *3-4 (M.D. Fla. June 4, 2010).

[12] *Bell Atlantic Corp v. Twombly*, 550 U.S. 554, 555 (2007); *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 555).

[13] *Iqbal*, 129 S. Ct. 1949.

allegations must be enough to raise a right to relief above the speculative level."[14]  The

Fifth Circuit and each federal division for the federal district courts in Texas have

confirmed that a defendant's affirmative defenses are equally subject to the Supreme

Court's heightened *Twombly* and *Iqbal* pleading standards.[15]

The Bikinis Defendants' 5th ("abandonment"), 6th ("failure to mitigate"), 8th

("estoppels"), 9th ("latches"), 10th ("innocent, good faith intent"), 11th ("unclean hands")

and 12th ("extenuating circumstances") affirmative defenses fall far short of such pleading

standards.  Indeed, the 8th, 9th, 10th and 11th affirmative defenses, which are primarily

equitable defenses, are all single sentence boilerplate objections stating nothing more

than the conclusory assertion that "[p]laintiff's claims are barred by [the named

defense]."[16]  The equally brief 6th defense entitled "failure to mitigate" simply lists a few

---

[14] *Twombly*, 550 U.S. at 555.

[15] *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (holding that the pleading requirements for affirmative defenses match those applicable to a plaintiff's complaint); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008); *Mumphrey v. Credit Solutions of Am., Inc.*, No. 3:09-cv-1208-M, 2010 WL 652834, at *1 (N.D. Tex. Feb. 24, 2010); *Lehman Bros. Holdings, Inc. v. Cornerstone Mortgage Co.*, No. H-09-0672, 2009 WL 2900740, at *3 & n.11 (S.D. Tex. Aug. 31, 2009); *Teirstein v. AGA Med. Corp.*, No. 6:08cv14, 2009 WL 704138, at *6 (E.D. Tex. Mar. 16, 2009).  Numerous other district courts have also applied both the *Twombly* and *Iqbal* standards to require a heightened pleading standard for affirmative defenses.  *See, e.g., Palmer v. Oakland Farms, Inc.*, 2010 U.S. Dist. LEXIS 63265, at *13 (W.D. Va. June 24, 2010); *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515, at *10 (N.D. Cal. June 21, 2010); *Torres v. TPUSA Inc.*, 2009 U.S. Dist. LEXIS 22033, at *2-3 (M.D. Fla. Mar. 19, 2009); *Holtzman v. B/E Aerospace Inc.*, 2008 U.S. Dist. LEXIS 42630, at *6 (S.D. Fla. May 28, 2008) ("While Defendants need not provide detailed factual allegations, they must provide more than bare-bones conclusions. Plaintiff should not be left to discover the bare minimum facts constituting a defense until discovery"); *Home Mgmt. Solutions, Inc. v. Prescient Inc.*, 2007 U.S. Dist. LEXIS 61608, at *9-10 (S.D. Fla. Aug. 21, 2007) ("Without some factual allegation in the affirmative defense, it is hard to see how a defendant could satisfy the requirement of providing not only 'fair notice' of the nature of the defense, but also 'grounds' on which the defense rests.") (*quoting Twombly*, 550 U.S. at 556 n3).

[16] *See* Ex. 3 at pp. 26-27.  These affirmative defenses as pled are wholly insufficient as a matter of law.  *See,*

categories of excuses unattached to any factual allegations.[17]  Finally, the two remaining

identified affirmative defenses, "abandonment" (the 5th defense) and "extenuating

circumstances" (the 12th defense) are devoid of any supporting factual allegations.[18]

This district has confirmed that just these sorts of affirmative defense allegations—

which constitute no more than bare bones legal conclusions—are clearly insufficient.[19]

Simply put, "naked assertion[s] devoid of further factual enhancement" do not suffice;[20]

a defense pleading's affirmative defenses "[f]actual allegations must be enough to raise a

right to relief above the speculative level . . .. " [21]   The Bikinis Defendants, though, have

not supported their identified affirmative defenses in this trademark action with any

---

e.g., *O'Gara ex rel. Portnick v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. LEXIS 77130, at *3-4 (D. Del. July 30, 2010) (striking barebones affirmative defenses sounding in unclean and hands); *Strom v. Strom Closures, Inc.*, 2008 U.S. Dist. LEXIS 12375, at *18-19 (N.D. Ill. Feb. 20, 2008) ("affirmative defenses 2 and 3 contain nothing more than conclusory references to the equitable defenses of unclean hands and latches. Therefore, we grant the motion to strike affirmative defenses 2 and 3"); *Glover v. Mary Jane M. Elliott, P.C.*, 2007 U.S. Dist. LEXIS 73605, at *3-4 (W.D. Mich. Oct. 2, 2010) ("broad affirmative defenses such as waiver, estoppel, or unclean hands may be stricken where these defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests").

[17] When asserting an affirmative defense suggesting that an intellectual property-type claim is barred due to a failure to mitigate, the accused infringer must provide more than a mere boilerplate statement.  *See, e.g., See, e.g., Castillo v. Roche Labs, Inc.*, 2010 U.S. Dist. LEXIS 87681, at *10-11 (S.D. Fla. Aug. 2, 2010) (citing *Merrill Lynch Business Financial Services Inc. v. Performance Machine System U.S.A., Inc.*, 2005 U.S. Dist. LEXIS 7309, at *37-38 (S.D. Fla. Mar 4, 2005)); *Thornton v. J Jargon Co.*, 580 F. Supp. 2d 1261, 1284 (M.D. Fla. 2008) (dismissing boilerplate affirmative defense sounding in failure to mitigate copyright claim); *Barnes v. AT&T Pension Benefit Plan*, 2010 U.S. Dist. LEXIS 62515, at *12 (N.D. Cal. June 22, 2010).

[18] *See* Ex. 3 at pp. 26-27.

[19] *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 2008 WL 4391396, *1 (W.D. Tex. 2008).

[20] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

[21] *Bell Atl. Corp.*, 550 U.S. at 555.

factual allegations.  When presented in *Cosmetic Warriors Ltd. v. Lush Boutique, LLC*, No. 09-6381, 2010 WL 481229, at *1 (E.D. La. Feb. 1, 2010) (citing *Woodfield*, 193 F.3d at 362) and *CTF Development, Inc. v. Penta Hospitality, LLC*, No. C 09-02429-WHA, 2009 WL 3517617, at *8 (N.D. Cal. Oct. 26, 2009)[22] with the identical circumstances of a defendant's assertion of naked, "boilerplate" affirmative defenses in response to trademark claims, the courts in those cases struck the inadequate affirmative defenses for failing to meet *Twombley's* Rule 8 federal pleading standards.  The outcome should be identical here.

For the foregoing reasons, this motion should be granted and the Bikinis Defendants' Third Amended Answer's 1st, 5th, 6th, and 8th - 12th should be stricken.

Respectfully submitted,

LAW OFFICES OF CARL F. SCHWENKER

By: _____
Carl F. Schwenker, Attorney-in-charge
Texas Bar No. 00788374
1621 West Sixth Street
Austin, Texas 78703
Tel. (512) 480-8427
Fax (512) 857-1294

ATTORNEYS FOR THE REPUBLIC
OF TEXAS BIKER RALLY, INC.

---

[22] Each of these cases is attached in Exhibits 1 and 2 for the Court's convenience and review.

**CERTIFICATE OF CONFERENCE**

I, the undersigned, hereby certify that I conferred via telephone with the Bikinis Defendants' counsel Steve Baskind on May 6, 2011 concerning this motion in a good-faith attempt to resolve the disputed issues but that no resolution could be reached and Mr. Baskind stated that he was opposed to this motion.

By:_____

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the **6ᵗʰ** day of **May**, 2011, the foregoing document was served on the following by (check applicable method): ___ U.S. First Class Mail, sufficient postage prepaid; ___ facsimile; ___ hand-delivery; _X_ Court CF/ECM system.

Paul D. Schoonover
Steve Baskind
KLEIMAN, LAWRENCE, BASKIND & FITZGERALD, L.L.P.
8350 North Central Expressway, Suite 650
Dallas, Texas 75206
214-265-7411 (fax)
ATTORNEYS FOR DEFENDANTS

By:_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| REPUBLIC OF TEXAS BIKER RALLY, INC., | § | |
|     PLAINTIFF, | § | |
| VS. | § | |
| | § | CASE NO. A-10-697-SS |
| BIKINIS BAR & GRILL, LLC, | § | |
| BIKINIS BAR & GRILL - AUSTIN, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL – 6TH STREET, LLC, | § | |
| BIKINIS SPORTS BAR & GRILL FRANCHISING, LLC, | § | |
| BIKINIS PROMOTIONS, LLC, AND | § | |
| BIKINIS REAL ESTATE, LLC, | § | |
|     DEFENDANTS. | § | |

**Order Granting Plaintiff Republic's Motion to Strike the Bikinis Defendants'
Third Amended Answer's 1st, 5th, 6th and 8th - 12th Affirmative Defenses**

Having considered Plaintiff Republic of Texas Biker Rally, Inc.'s *Motion to Strike the Bikinis Defendants' Third Amended Answer's 1st, 5th, 6th and 8th - 12th Affirmative Defenses* reviewed the pertinent materials presented by the parties and considered the applicable law, the Court has determined that the Bikinis Defendants' above-identified affirmative defenses fall short of federal pleading standards expressed in the Supreme Court's *Twombly* case and that Republic is entitled to the requested relief.

Accordingly, Plaintiff Republic's Motion is **<u>GRANTED</u>** and the Court hereby **<u>STRIKES</u>** under Fed. Rule Civ. P. 12(f) the 1st, 5th, 6th, and 8th - 12th affirmative defenses pled in the Bikinis Defendants' Third Amended Answer [Dkt. No. 25].

SIGNED this _____ day of _____, 2011.

_____
United States District Judge Sam Sparks

---

[1]   "Bikinis Defendants" refers to Defendants named in the original complaint, Bikinis Bar & Grill, LLC (now known as BSBG, LLC), Bikinis Bar & Grill – Austin, LLC (now known as Bikinis Sports Bar & Grill–Austin, LLC) , Bikinis Sports Bar & Grill 6th Street, LLC, Bikinis Sports Bar & Grill Franchising, LLC, Bikinis Promotions, LLC, Bikinis Real Estate, LLC; and to the following newly-added Bikinis-related parties: Bikinis Sports Bar & Grill–Arlington, LLC; Bikinis Sports Bar & Grill–Live Oak, LLC, Bikinis Sports Bar & Grill–San Antonio, LLC; Bikinis Sports Bar & Grill–San Marcos, LLC; The Parish–6th Street, LLC, Bikinis Sports Bar & Grill–Charlotte, LLC; and individuals, Doug Guller; Kevin Pearson; David Voorhees; and Paul Manfre